GOLDEN CITY, Respondent, v. G. H. HALL, Appellant.

Kansas City Court of Appeals, February 1, 1897.

1. **Appellate Practice**: SHORT APPEAL: CRIMINAL PRACTICE. Section 2253, Revised Statutes, 1889, does not apply to appeals in criminal cases.

2. **Municipal Corporations**: FOURTH CLASS CITIES: PROSECUTION UNDER ORDINANCES: CRIMINAL CASES. In cities of the fourth class under the Laws of 1895, page 65, prosecutions for the breach of ordinances are to be appealed as though criminal proceedings and in the same manner as prosecutions for misdemeanors, and the same procedure applies.

3. **Cities of the Fourth Class**: OFFENSES BEFORE THE LAW OF 1895: RETROACTIVE. The application of the law of 1895 to a prosecution begun before its passage is not retroactive.

4. **Appellate Practice**: RECORD: AFFIRMANCE. Where there is no bill of exceptions, and the record proper shows no error, the judgment will be affirmed.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*H. H. McCluer* and *M. T. January* for appellant, submitted a lengthy brief on the merits of the case.

*L. L. Scott* and *Cole, Burnett & Allen* for respondent, submitted brief on the merits.

ELLISON, J.—The defendant is charged with the unlawful sale of liquors, contrary to the ordinances of the

plaintiff city. He was convicted before the mayor and on appeal to the circuit court (he having taken a change of venue to Vernon county) was again convicted, whereupon he appealed to this court.

1. Defendant has no bill of exceptions. The transcript is made up of only the record proper, and not all of that. Defendant contends that as he has incorporated the bill of exceptions in an abstract he may be heard in this court under the provisions of section 2253, relating to civil practice and procedure. It is sufficient to say that that statute does not apply to appeals in criminal cases.

APPELLATE practice: short appeal: criminal practice.

2. But it is suggested that this being a prosecution under the ordinances of a city it is a civil and not a criminal case. That proceedings for the violation of city ordinances are likened to civil proceedings and are, in general, regarded as penal in their character and not criminal, is true. *St. Louis v. Knox*, 74 Mo. 79; *Ex parte Hallowell*, *Ib.* 395; *Kansas City v. Neal*, 49 Mo. App. 72. But under the statute now governing cities of the fourth class, to which the plaintiff belongs (Laws 1895, page 65) it is provided by section 35 that in trials under ordinances the trial before the mayor shall be "as in *prosecutions* before justices of the peace." And by the terms of section 44, appeals shall be taken to the court having *criminal* jurisdiction; and that it shall be taken as in misdemeanor cases before a justice of the peace. It is also further provided that the court to which the appeal is thus taken shall proceed with the cause as is provided on appeals from a justice of the peace in misdemeanors and that the judgment will be enforced as in cases of misdemeanors before a justice of the peace. In our opinion this statute classifies prosecutions under ordinances of cities of the fourth

MUNICIPAL corporations: fourth class cities: prosecution under ordinances: criminal cases.

class as misdemeanors, and provides for the like procedure as in misdemeanors. This view is made more apparent by the provisions of section 36 of said act, wherein it is provided that certain cases, essentially civil, shall be appealed as in *civil* cases before a justice of the peace, thus making a distinction between cases which may arise before the mayor. We do not rule that violations of ordinances of cities of the fourth class should be denominated misdemeanors; but we do hold that the legislature has evidently fixed the status of such cases in their trial and in their appeal to the court of criminal jurisdiction the same as cases of misdemeanor. The status of such cases in the court of criminal jurisdiction being thus fixed, it must reasonably follow that the appeal from such court will be governed by the same mode of procedure which applies to misdemeanor cases. With respect to the mode of trial and the manner and requisites of appeal, the statute has classed offenses against the ordinances with misdemeanors.

3. It is next contended that since the offense charged against defendant was committed and the prosecution begun before the law of 1895 aforesaid was enacted, it does not apply to this case; that to make it apply would be to render it retroactive. But we regard the law as merely affecting the procedure which will govern the mode and requisites of an appeal when not affecting the offense charged or the punishment. Endlich on Stat., sections 285, 286.

CITIES of the fourth class: offenses before the law of 1895 retroactive.

4. This brings us to an examination of the record before us and since no error appears therein we will affirm the judgment. All concur.

APPELLATE practice: record: affirmance.