CITY OF CASSVILLE, Appellant, v. OSCAR JIMERSON, Respondent.

St. Louis Court of Appeals, May 10, 1898.

1. City Ordinance: PROCEEDINGS FOR VIOLATION.  Proceedings for a violation of city ordinances are civil and not criminal in their nature.

2. ——: ——: STATUTORY CONSTRUCTION.  The law of 1895 concerning the organization and government of the cities of the fourth class (Laws of 1895, p. 65) does not make a violation of the ordinances of cities of that class a misdemeanor.  It merely provides that in the trial of such proceedings when once instituted, and on appeals, the statutory mode of procedure in misdemeanor cases should be observed.

*Appeal from the Barry Circuit Court.*—HON. JOHN C. LAMSON, Judge.

REVERSED AND REMANDED.

L. BEASLEY and E. C. FROST for appellant.

This being a proceeding for the violation of a city ordinance, there is no law of the state and no ordinance of the city requiring the prosecuting witness to have actual knowledge of the offense, hence section 4329, Revised Statutes 1889, is not applicable to this case. State v. Feagan, 70 Mo. App. 406, *et seq.* Section 45, at page 73, of the charter of the city of Cassville, session acts of 1895, is a complete protection against instituting causes for revenge or through malice. The city courts of the fourth class have no means of forcing persons to prosecute offenders for violation of ordinances and hence the legislature has made no provision requiring the person making the complaint to have actual knowledge of the commission of the offense.

PEPPER & STEELE for respondent.

The appeal should be dismissed for the reason there was no final judgment ordering the defendant discharged. State v. Fraker, 43 S. W. Rep. (No. 2) 389, and cases cited. Respondent contends that the offense charged is, both under the laws of this state, and under the ordinances of the city, a misdemeanor (a crime), and therefore governed by the laws regulating criminal procedure. Golden City v. Hall, 68 Mo. App. 627; Laws of 1895, p. 65, sec. 35, 44. If prosecutions under ordinances of cities of the fourth class are governed by the same mode of procedure which applies to prosecutions for misdemeanors; and if such prosecutions are to be "as in prosecutions before justices of the peace"

then it logically follows as a necessary corollary that the same steps should be taken in such prosecutions as are necessary to be taken in prosecutions for misdemeanors before justices of the peace. No one, except he be a "person competent to testify against the accused," is authorized, under section 4331, Laws of 1895, page 166, to make complaint before a justice of the peace. A person competent to testify against the accused is one who knows some fact tending to prove the offense alleged. The complainant in the case at bar knew no fact or circumstance tending to prove the offense alleged, and therefore he was not authorized to make the complaint. State v. Ransberger, 106 Mo. 144. Defendant introduced the complainant for the purpose of showing that he was not a competent witness. This testimony was admissible for the purpose of impeaching the complaint. State v. Pitts, 70 Mo. App. 446.

BIGGS, J.—The defendant was charged upon the complaint of one M. R. Rayless with the violation of an ordinance of the plaintiff, a city of the fourth class. He was convicted before the mayor of the city, and on appeal in the circuit court the proceeding was dismissed on motion of defendant upon the alleged ground that the prosecuting witness had no personal knowledge of the commission of the alleged offense. On the hearing of the motion the prosecuting witness testified that he had no personal knowledge of the facts; that he was not present when the offense was committed, and that his affidavit was based upon information derived from others. The testimony was admitted against the objection of the plaintiff. The court sustained the motion, discharged the defendant, and rendered a judgment for costs in his favor. The plaintiff has appealed.

It has been often decided in this state that pro-

ceedings for a violation of city ·ordinances are civil. and not criminal in their nature. The leading cases on the subject are St. Louis v. Knox, 74 Mo. 79; CITY ordinances: violations of. Ex parte Hallowell, *Ib*. 395. The law of 1895 concerning the organization and government of the cities of the fourth class (Laws of 1895, p. 65), does not, as held by the circuit court, make a violation of the ordinances of the cities of that class a misdemeanor. It merely provides that in the trial of such proceedings when once instituted, and on appeals, the statutory mode of procedure in misdemeanor cases should be observed. That is all the Kansas City court of appeals decided in the case of Golden City v. Hall, 68 Mo. App. 627, and upon which the defendant relies to support the judgment. The court expressly stated in its opinion that it did ''not rule that violations of ordinances of cities of the fourth class should be denominated misdemeanors.''

We think it clear that the circuit court misconceived the meaning or scope of the statute. Its judgment dismissing the cause will therefore be reversed and the cause remanded. All concur.