CITY OF MONETT, Respondent, v. SAM BEATY, Appellant.

St. Louis Court of Appeals, March 7, 1899.

1. **City Ordinances:** VIOLATION: PROCEEDINGS. Proceedings for violation of city ordinances are civil and not criminal in their nature.

2. ———: ———: STATUTORY CONSTRUCTION OF REVISED STATUTES 1889, SECTION 3492; ACTS 1895, PAGE 65. The ordinance in question in the case at bar was passed prior to the enactment of the law of 1895, and as it has not been made to conform to the general statute as to the punishment, the defendant claims that it is no longer operative, and hence, a conviction thereunder for a common assault can not be upheld. Held, that the legislature did not intend to repeal, by implication, all existing ordinances wherein the punishment for an offense did not exactly conform to that prescribed by the general law for the same offense; but that it was the intention to prevent a city from imposing heavier penalties than that provided by the general law for the same offense.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

KEMP & BURGESS for respondent.

Appellant further complains that there was no arraignment but still turning to his abstract at page 5, we find defendant appeared before the police judge, O. Barker, was duly arraigned and plead not guilty. But as this court has repeatedly held that proceedings by cities of the fourth class of this nature are civil proceedings and not criminal, it is not necessary that the records should show arraignment and plea of not guilty entered. St. Louis v. Knox, 74 Mo. 79; Cassville v. Jimerson, 75 Mo. App. 426. This being a civil proceeding for a violation of city ordinance (Cassville v. Jimerson, 75 Mo. App. 426) the contentions of the appellant can not stand. Neither can the appellant complain because ordinance 72, section 3 of said city

does not provide for a greater punishment than $1 nor more than $100.    Ordinances enacted by cities of fourth class for their special government are by the courts given fair interpretation and unless they conflict with the state laws are allowed to stand.    The repealing of article 5, of chapter 30, Revised Statutes, 1889, and said amendments thereto by the passage of the act of 1895, cited in appellant's brief, nowise effects the old sections of chapter 30, Revised Statutes, 1889, unless the defendant had suffered an irreparable wrong.    See Session Acts, 1895, page 90, sec. 108.

A. V. DARROCH for appellant.

It will be noticed that this action was commenced in August, 1896.    The act of 1895 concerning cities of the fourth class was passed and approved April 11, 1895.    See Sess. Acts, 1895, p. 90.    Session Acts 1895, page 90, section 106, among other things provides that wherein the penalty for an offense is fixed by any statute such city shall have power to affix the same penalty by ordinance and no other for the punishment of such offense.    The defendant in this case was charged with a common assault.    Section 3492, Revised Statutes, 1889, provides that the defendant upon conviction shall be punished by fine not exceeding one hundred dollars, or imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment.    The ordinance introduced under which defendant was convicted, section 34, provides that any person violating the foregoing section 3, shall be fined not less than $1 nor more than $100.    Instruction number 3 given by the court is in conformity therewith.    They are flagrantly in conflict with section 106, page 90, Session Acts 1895, and section 109 thereof and section 3492, Revised Statutes 1889.    By said unlawful ordinance the jury were only at liberty to assess a fine not less than $1 nor more than $100. The ordinance and said instruction number 3 should have given the jury liberty to make it a fine not to exceed $100 or imprisonment in the

county jail not to exceed six months or both such fine and imprisonment.

BIGGS, J.—The plaintiff is a city of the fourth class. One of its ordinances provides that if a "person shall assault, strike, fight or beat another, or challenge another to fight or to provoke a fight between others, or between himself and another * * * he shall on conviction thereof be fined not less than one dollar nor more than one hundred dollars." The defendant was charged with a violation of the foregoing ordinance. He was convicted before the mayor and in the circuit court, and a fine of $1 was entered against him. He has appealed to this court.

The defendant insists that under the law of 1895 (Sess. Acts 1895, p. 65), concerning the organization and government of cities of the fourth class, the violation of ordinances are made criminal offenses, and hence as there was no arraignment of the defendant the judgment can not be upheld. We decided the question adversely to the defendant in the case of the City of Cassville v. Jimerson, 75 Mo. App. 426. This assignment will be overruled.

It is also urged that as to the punishment, the ordinance is not in harmony with the statute providing for the punishment of a common assault (R. S. 1889, sec. 3492), and for this reason it is claimed that the ordinance is obsolete. This statute makes an assault punishable by "a fine not exceeding one hundred dollars, or imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment," whereas the ordinance provides for a fine of not less than $1 nor more than $100. The law of 1895 (section 106), empowers the board of aldermen to pass such ordinances as may be expedient for maintaining the peace and good government of the city, and the last clause of the section provides, that "such city shall have power, in any case wherein the penalty for an offense is fixed by any statute, to affix the same penalty by ordinance,

and no other, for the punishment of such offense," etc.   The ordinance was passed prior to the enactment of the law of 1895, and as it has not been made to conform to the general statute as to the punishment, the defendant claims that it is no longer operative, and hence a conviction thereunder for a common assault (which the information averred and the evidence tended to prove) can not be upheld.   The sum and substance of this argument is that the law of 1895 by implication repealed all existing ordinances wherein the punishment for an offense did not exactly conform to that prescribed by the general law for the same offense.   We do not think that the legislature intended such a result as this, but rather think that it was the intention to prevent a city from imposing heavier penalties than that provided by the general law for the same offense.   With the concurrence of the other judges, the judgment of the circuit court will be affirmed.