THE STATE v. C. M. PARNELL, Appellant.

Division  Two, November 19, 1907.

APPEAL: New Trial: Overruling Motion: No Exception.   Where defendant does not object or except to the action of the court in overruling his motion for a new trial, there is nothing for review on appeal but the record proper, and if that is free from error, the judgment will be affirmed.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Clay & Sheppard* and *T. C. Tadlock* for appellant.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

This court cannot review anything except the record proper, as defendant failed to save any exceptions to the overruling of the motion for a new trial. State v. Irwin, 171 Mo. 558.

FOX, P. J.—This cause is brought to this court by appeal on the part of the defendant from a judgment of conviction in the Jasper Circuit Court for murder in the second degree. On the 13th of September, 1906, the prosecuting attorney of Jasper county filed an information, duly verified, charging the defendant with murder in the first degree. The name of the party charged to have been killed was Peter Mathia; the date of the homicide was the — day of July, A. D. 1906, and the weapon used was a shotgun. At the October term, 1906, the defendant was arraigned, entered his plea of not guilty, was tried and convicted; his punishment was assessed at twelve years in the penitentiary.

At the very threshold of the consideration of this case our attention is directed to the state of the record, in which it is disclosed that there were neither objections or exceptions to the action of the court in overruling the motion for new trial filed by the appellant after the return of the verdict by the jury of guilty.

It is much more satisfactory to appellate courts in the investigation of causes to pass upon the merits of the case. With this inclination we have searched diligently for a basis upon which to pass upon the questions presented in the brief of learned counsel for appellant. The record discloses the filing of a motion for new trial and the reasons assigned are embraced in the record, but there is an entire absence of any objections or exceptions to the action of the court in

making the order overruling such motion; therefore, upon the well-settled rules of law applicable to this question there is nothing before us for review in this cause except the record proper. As was ruled by this court in State v. Irwin, 171 Mo. loc. cit. 560, where it was said that, "it is well settled that the errors complained of in this case must be brought to the attention of the trial court in a motion for a new trial, and before the motion can be made any part of the record, there must be proper exceptions to the action of the court in overruling it, made in due time, and the exceptions must be disclosed in the record. [State v. Noeninger, 108 Mo. 166; State v. Reed, 89 Mo. 168; State v. Mitchell, 98 Mo. 657; State v. Harvey, 105 Mo. 316.]"

Proceeding to the consideration of the record proper, we find that the information charges the defendant with murder of the first degree. The sufficiency of this information is nowhere assailed, and upon a careful reading of it we find that it sufficiently charges the offense. The defendant was convicted of murder of the second degree, which is necessarily embraced in the charge of the higher grade of crime. The jury were sworn to try the case; the return of the verdict and the form of the verdict seem to have been in every way regular, and the sentence and judgment of the court substantially conform to the requirements of the statute. Being unable to discover any error in the record proper, the judgment of the trial court should be affirmed, and it is so ordered.

All concur.