THE STATE v. JAY HARRIS, Appellant.

Division Two, February 2, 1909.

MOTION FOR NEW TRIAL: No Exception. If the record fails to show an exception was saved to the overruling of appellant's motion for a new trial, none of the grounds assigned by said motion is for review on appeal.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Ward & Collins* for appellant.

*Herbert S. Hadley,* Attorney-General, for the State; *James T. Blair* of counsel.

(1) The information is unobjectionable. State v. Neal, 178 Mo. 69; State v. Payne, 194 Mo. 451. (2) There is no bill of exceptions in the case. No record entry showing the filing and no "certificate on the bill itself" appears in the transcript. Without one or both of these the bill is a nullity. A mere recitation by the clerk in the transcript that the bill was filed is not sufficient. Wilson v. Railroad, 167 Mo. 324; State v. Walker, 194 Mo. 375; Ferguson v. Thacher, 79 Mo. 514; State ex rel. v. Chaney, 49 Mo. App. 515; Williams v. Williams, 26 Mo. App. 410; R. S. 1899, sec. 2640. (3) Further, even could it be conceded that a bill of exceptions was filed, yet as no objection was made or exception saved to the court's action in overruling the motion for new trial, no mat-

ters of exceptions are here for review. The question of the sufficiency of the evidence is not before this court. State v. Irwin, 171 Mo. 559; Phillips v. Jones, 176 Mo. 329; State v. Libby, 203 Mo. 598; State v. Parnell, 206 Mo. 725; State v. Harvey, 105 Mo. 317.

FOX, J.—This cause is brought to this court by appeal on the part of the defendant from a judgment of the New Madrid Circuit Court, convicting him of an assault with intent to commit rape.

At the very inception of the consideration of this cause we find by an examination of the record that it fails to disclose any objections or exceptions to the action of the court in overruling defendant's motion for a new trial. Under this State of the record appellant has failed to preserve such exceptions to the action of the court in overruling his motion for new trial as would authorize this court to review the complaints embraced in such motion, hence there is nothing before us for consideration except the record proper.

It has been uniformly held by this court and the proposition is well settled that the errors complained of must be brought to the attention of the trial court in a motion for new trial, and before the motion can be made any part of the record there must be proper exceptions to the action of the court in overruling it made in due time, and the exceptions must be disclosed in the record. [State v. Noeninger, 108 Mo. 166; State v. Reed, 89 Mo. 168; State v. Mitchell, 98 Mo. 657; State v. Harvey, 105 Mo. 316.] The comparatively recent cases of State v. Irwin, 171 Mo. 558, and State v. Parnell, 206 Mo. 723, unqualifiedly approve the rule as herein indicated, announced in the earlier cases.

Directing our attention to the record proper, an examination of the information upon which this judgment is predicated discloses that it is in due form,

such as has often met the approval of this court. The jury were regularly impaneled and sworn and the verdict returned by them and the judgment based upon such verdict seem to be in perfect accord with the law treating of this subject.

Upon the state of the record now before us in this cause the judgment of the trial court should be affirmed, and it is so ordered.

All concur.