# CITY OF KING CITY v. RICHARD P. DUNCAN, Appellant.

**Division Two, December 19, 1911.**

1. **CARRYING CONCEALED WEAPONS: Prosecuted by City: Appeal to Circuit Court: Unanimous Verdict: Reasonable Doubt.** A defendant who has been prosecuted by a city for carrying concealed weapons and convicted, and has appealed to the circuit court, must be convicted, if convicted at all, in a trial anew in the circuit court, by the unanimous verdict of the jury, and the proof of guilt must be beyond a reasonable doubt—notwithstanding a prosecution for a violation of a city ordinance is a civil, and not a criminal, case. [BROWN, J., dissenting.]

2. **TRIAL BY JURY: Violation of City Ordinances: Power of Legislature to Prescribe Procedure.** The constitutional right of a trial by jury for the violation of a city ordinance never did exist in this State, and hence the declaration of the Constitution that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate" does not apply. It is therefore within the power of the Legislature to establish the tribunal for the violation of municipal ordinances, to allow or deny an appeal from the judgments of such tribunals, and to prescribe the procedure in the appellate court; and the constitutional amendment adopted in 1900, providing for a three-fourths verdict in civil cases in courts of record, did not change or affect such procedure, or include civil cases originating in police courts. [BROWN, J., dissenting.]

3. ——: ——: ——: **Statute Regulating Procedure on Appeal.** Section 9343, Revised Statutes 1909, enacted in 1905, specifically provided that in case of a conviction for a violation of an ordinance of a city of the fourth class the accused shall be entitled to an appeal to the court having criminal jurisdiction, in which court the case shall be proceeded with "in the same manner as is provided in cases of appeals from judgments of justices of the peace in cases of misdemeanor;" and in 1907 (Sec. 9539, R. S. 1909) an act applicable to municipalities generally was enacted and provided that "appeals from police courts and for violation of an ordinance of a city . . . shall be in the nature of a criminal appeal from a justice of the peace." *Held*, that the Legislature had authority to enact these statutes; and they mean that, in case of an appeal from the judgment of a police court to the court having criminal juris-

238 Sup.—33

diction, the defendant, in a trial *de novo* in such appellate court, is entitled to the presumption of innocence, and can be convicted only on proof of guilt beyond a reasonable doubt and upon the unanimous verdict of the jury.

*Held*, by BROWN, J., dissenting, that suits for the collection of fines for the violation of city ordinances have always been classed as civil actions, and the constitutional amendment of 1900 declaring that "in the trial by jury of all civil cases in courts of record, three-fourths of the members of the jury concurring may render a verdict," and this amendment being self-enforcing, the Act of 1905 (Sec. 9343, R. S. 1909), providing that in cases of appeal from judgments of a police court for the violation of a city ordinance the procedure shall be the same as in cases of appeal from judgments of a justice of the peace in misdemeanor cases, is in violation of said amendment, and should not be permitted to control the procedure.

Appeal from Gentry Circuit Court.—*Hon. William C. Ellison*, Judge.

REVERSED AND REMANDED.

*Ed. E. Aleshire, John A. Showen* and *W. H. Dalbey* for appellant.

The principal error relied upon is the fact that the Three-Fourth Jury Law does not apply to a case of information against a party for violation of the city ordinances. Section 16 of article 2, Constitution of Missouri, expressly provides "that imprisonment for debt shall not be allowed except for the non-payment of fines and penalties imposed for violation of law." It is true that our courts have for a long time been trying to eliminate, or rather to determine what kind of a case one of the character now before the court is, and what rules are applicable to a trial of such a case. They have in several cases decided that cases of this character are civil in form, but quasi criminal in character; we assume now that this is the law in Missouri. It has also been said by the courts of this State that a prosecution for the violation of a city ordinance,

and acquittal or conviction, is not a bar for prosecution by the State. As the question involved in this case has never been passed upon by any court in this State, we are unable to cite any authority, but must refer to the practice of this class of cases. The last sentence of section 5929, provides that the defendant shall be entitled to trial by jury as in prosecutions before justices of the peace. This now is the first step taken indicating how defendant shall be prosecuted, and of course, there is no question that a prosecution before a justice of the peace, when a conviction is had, and appeal taken, must, if found guilty, have the support of the entire jury of twelve. If we are to follow this section as to practice, then it necessarily must follow that on a conviction before the police judge and defendant appeals, that his case in the circuit court must, if a verdict is found against him, be by the entire jury. Now, we reach the question as to how the appeal shall be taken, and when that is done, we think the question is solved as to how the defendant shall be tried in the circuit court. This section reads as follows (Sec. 5937): "Upon such appeal the appellate court shall proceed with said cause in the same manner as is provided in cases of appeals from judgments of justices of the peace in cases of misdemeanor; and judgment of affirmance, dismissal and upon trials may be had, rendered and enforced as provided in the statute relating to misdemeanors." These sections seem to be conclusive upon the question involved and that is that cases appealed from a police court in cities of the fourth class, must be tried according to the statutes required for appealing in cases of misdemeanor. Of course, there can be no question that a jury of twelve is required to convict in a misdemeanor. While our courts have practically wiped out the criminal part of these cases, they have never changed the procedure and in this case, the court erred in receiving a

verdict signed by less than twelve jurors.    City of Tarkio v. Loyd, 109 Mo. App. 171.

*J. W. Sullinger* for respondent.

(1)    The amendment to section 28 of article 2 of the Constitution, was by adding after the word law, in line three of said section, the following: "And that a two-thirds majority of such number prescribed by law, concurring, may render a verdict in all civil cases, and that in the trial by jury of all civil cases in courts of records, three-fourths of the members of the jury concurring, may render a verdict." This amendment, brief as it is, contains the expression "all civil cases" twice.    Section 3782, p. 190, Laws 1901, enacted under the above constitutional provision, provides that three-fourths or more of the jurors concurring, may return a verdict, which shall have the same force and effect as though rendered by the entire panel.    Appellant contends that he is wronged by the trial court receiving a verdict signed by ten jurymen.    It is difficult to comprehend wherein appellant's contention is based on any constitutional or statutory right, since from the beginning of our decisions in Missouri, as well as in many other of the States, it has been repeatedly held that the defendant in prosecutions for the enforcement of ordinances, has no constitutional right to trial by jury.    DeLaney v. Police Court, 167 Mo. 677; 1 Dillon on Mun. Corp. (4 Ed.), secs. 432-433; 2 Beach on Public Corp., sec. 1284; 6 Am. & Eng. Ency. Law (2 Ed.), p. 978, note 3; Callan v. Wilson, 127 U. S. 540.    (2)    If this is a civil case, then there can be no doubt about the correctness of the verdict, for the Constitution now provides for such a verdict.    Even before the Constitution made provision that in all civil cases three-fourths of the members of the jury concurring may render a verdict, which by statute has the same force and effect as though rendered by the

entire panel, the Supreme Court and Courts of Appeals had, in more than a dozen opinions, held that all prosecutions for the violation of city ordinances are civil and not criminal cases, because they are not for the enforcement of general laws coextensive with the State. St. Louis v. Weitzel, 130 Mo. 612; Mexico v. Harris, 115 Mo. App. 711; Kansas City v. Clark, 68 Mo. 588; Kirksville v. Munyon, 114 Mo. App. 567; State v. Muir, 164 Mo. 615; City v. Knox, 74 Mo. 79; Canton v. McDaniel, 188 Mo. 288; Delaney v. Police Court, 167 Mo. 677; Poplar Bluff v. Hill, 92 Mo. App. 19; Springfield v. Starke, 93 Mo. App. 70; City v. Anderson, 100 Mo. App. 344. Appellant in the absence of express right to have a verdict by the whole jury, seeks by reasoning from certain sections of the law governing practice to establish it, but Delaney v. Police Court, 167 Mo. 677, declares such attempt is "disingenuous". It ignores section 3782, p. 190, Laws 1901, and section 28, article 2, Constitution of Missouri as amended.

KENNISH, P. J.—This is an appeal from the circuit court of Gentry county. Appellant was convicted in the police court of King City, a city of the fourth class in said county, for the violation of an ordinance prohibiting the carrying of concealed weapons, and appealed from the judgment to the circuit court. Upon a trial *de novo* before a jury of twelve, a verdict of guilty was returned, concurred in by ten members of the jury only. The court received the verdict, pronounced judgment, and the defendant appealed to the Kansas City Court of Appeals. Upon the ground that a question involving the construction of the Constitution of this State was presented, the case was transferred to this court. The appellate jurisdiction of this court is not challenged, and but one question is relied upon by appellant for a reversal of the judgment. That question is, Was the appellant, upon appeal to the circuit court, entitled to a trial under the

rules of criminal procedure applicable to the trial of misdemeanors, including proof of guilt beyond a reasonable doubt and a conviction only upon the unanimous verdict of the jury, or was the respondent entitled to a trial under the rules of civil procedure, including proof as required in civil cases and a conviction upon three-fourths of the members of the jury concurring in the verdict?

In cases too numerous to make citations necessary, the appellate courts of this State have consistently held that a prosecution for a violation of a city ordinance is a civil and not a criminal case. And it was formerly provided by statute that such offenses should be tried as civil cases. [G. S. 1865, sec. 16, p. 242; Wag.'s Stat. 1872, sec. 16, p. 1318.]

By the amendment to the Constitution of this State adopted in 1900 (art. 2, sec. 28) it was provided that in civil cases a two-thirds majority of the members of the jury may render a verdict in courts not of record, and in courts of record three-fourths of the members of the jury concurring may render a verdict. The trial court in this case doubtless assumed that, as under the authorities in this State the case on trial was a civil case and as the fundamental law provides that in all civil cases "three-fourths of the jury concurring may render a verdict," a verdict of guilty concurred in by ten members of the jury was sufficient in law, and accordingly received the verdict and rendered judgment thereon.

On the other hand, it has been persistently maintained that a prosecution for the violation of a city ordinance, and especially when the offense charged is also a criminal offense under the public laws of this State, is essentially criminal in character, and as a judgment of conviction is followed by fine or imprisonment or both, and may be introduced in evidence as a conviction of "a criminal offense," for the purpose of impeachment, it is contended, and not without

reason, that a person on trial under such a charge should be entitled to the presumption of innocence and to such constitutional and statutory guaranties as attend one accused of crime under the general law. The theory that such a prosecution is a civil case and must be tried as such, leads to the following anomalous result: After appellant had been convicted in the circuit court it was competent for the State to place him on trial upon an indictment or information for the same offense, and if he testified in his own behalf the State would then have had the right to introduce it in evidence against him, to impeach him as a witness, the former conviction under the city ordinance for the same offense, upon the ground that it was a criminal offense, although tried as a civil case and determined by a three-fourths verdict. The law as to the presumption of innocence and proof of guilt beyond a reasonable doubt would then be of little avail to the defendant when he would stand before the court and jury "condemned already" for the same offense and by the judgment of the same court.

This seeming conflict in the law has arisen, we think, because of a misunderstanding of the constitutional and statutory provisions applicable in such cases. The civil cases which come within the meaning of section 28, article 2, of the Constitution, in which "the right of trial by jury, as heretofore enjoyed, shall remain inviolate," and in which "three-fourths of the members of the jury concurring may render a verdict," clearly were not intended to include prosecutions originating in police courts, for violations of municipal ordinances, for, as to such cases, the constitutional right of trial by jury never existed. [Delaney v. Police Court, 167 Mo. 667; City of Marshall v. Standard, 24 Mo. App. 192; 24 Cyc., pp. 107, 144, 145; 6 Am. & Eng. Ency. of Law (2 Ed.), 978.] In the case of Delaney v. Police Court, supra, l. c. 678, this court said: "The right of trial by jury for violation

of mere municipal police regulations is not and never was contemplated by the Constitution of this State.'' We may therefore assume that the constitutional amendment of 1900 did not have reference to such civil cases as arose out of violations of municipal ordinances and in which the right of trial by jury was not guaranteed.

It was within the power of the Legislature, there being no constitutional limitation to the contrary, to establish the tribunal for the trial of violations of municipal ordinances; to allow or to deny an appeal from the judgment of such tribunal; and, having the power to allow an appeal, it also had the power to prescribe the procedure in the appellate court. [Cooley's Constitutional Limitations (7 Ed.), 459; 8 Cyc. 822; 11 Cyc. 739; 2 Dillon on Municipal Corporations (5 Ed.), sec. 757 and notes; Petition of Ferrier, 103 Ill. 367; Golden City v. Hall, 68 Mo. App. 627; City of Cassville v. Jimerson, 75 Mo. App. 426; City of Tarkio v. Loyd, 109 Mo. App. 171; Ex parte Harker, 49 Cal. 465.]

The law governing trials for violations of city ordinances of cities of the fourth class was amended in 1895 so that since then, in prosecutions in the police court, the accused is entitled to trial by jury as in prosecutions before justices of the peace. And in case of conviction he is entitled to an appeal to the court having criminal jurisdiction, in which court the case shall be proceeded with ''in the same manner as is provided in cases of appeals from judgments of justices of the peace in cases of misdemeanor.'' [R. S. 1899, secs. 5928 and 5937; R. S. 1909, secs. 9334 and 9343.] And in 1907 an act applicable to municipalities generally was passed by the Legislature (now sec. 95, R. S. 1909) providing that: ''Appeals from police courts and for violation of an ordinance of a city, town or village shall be in the nature of a criminal appeal from a justice of the peace. . . .''

Section 9343, supra, as originally enacted in 1895, was in force when the constitutional amendment of 1900 was adopted. It was not repugnant to such amendment for the reason that the amendment did not change or affect the procedure in criminal cases, either in courts of record or in courts not of record, and, as before shown, it did not include or affect civil cases, originating in police courts, for violations of municipal regulations, the cases to which alone this statutory provision referred. Therefore the constitutional amendment did not abrogate said Act of 1895, carried into the revision of 1899, and now a part of the present Revised Statutes of this State. This law expressly provides, as we think it was within the power of the Legislature to provide, that in case of an appeal from the judgment of the police court to the court having criminal jurisdiction, the defendant shall be entitled to a trial under the same procedure prescribed by law in case of appeals from judgments of justices of the peace in misdemeanors. That means that the accused is clothed with the presumption of innocence; that he can be convicted only upon proof of guilt beyond a reasonable doubt and upon the unanimous verdict of a jury. Such prosecutions remain, as this court has so many times decided, civil cases, in that a trial does not place the accused in jeopardy so as to bar a subsequent prosecution under the laws of the State for the same offense. But they are so closely related to criminal cases, and the consequences of a conviction are so nearly identical with those of a conviction of crime, that the Legislature provided, and we think wisely, that they should be tried under the same procedure.

Section 7280, Revised Statutes 1909, provides that: "In all trials of civil actions in any court of record in this State a jury shall consist of twelve men possessing the qualifications as are or may hereafter be provided by law: Provided, that three-fourths or

more of the jurors concurring may return a verdict, which shall have the same force and effect as though rendered by the entire panel. If a verdict be rendered by the entire panel the foreman alone may sign it, but if rendered by a less number than the entire panel such verdict shall be signed by all the jurors who agree to it.''

This statute was enacted in 1901, pursuant to the constitutional amendment on the same subject, and to make the practice conform to the change made in the procedure in jury trials by such amendment. It was not intended to repeal the Act of 1895 governing the trial of police court cases, as is evidenced by the fact that the latter act was carried into the revision of 1909, as also by the Act of 1907, making substantially the same provision as to the trial of cases on appeal from the judgment of a police court of any city, town or village.

As the case was not tried in accordance with the views herein expressed, the judgment is reversed and the cause remanded. *Ferriss, J.,* concurs; *Brown, J.,* dissents in a separate opinion.


### DISSENTING OPINION.

BROWN, J.—I find myself unable to concur in the majority opinion prepared in this case by my learned associate, Judge KENNISH.

Suits for the collection of fines and penalties for violating city ordinances have been classified as civil actions since the earliest judicial history of our State. [City of St. Louis v. Smith, 10 Mo. 439; Ex parte Hollwedell, 74 Mo. 398.]

In 1900 the electorate of this State adopted an amendment to our Constitution which reads as follows:

''The right of trial by jury, as heretofore enjoyed, shall remain inviolate; but a jury for the trial of criminal or civil cases, in courts not of record, may con-

sist of less than twelve men, as may be prescribed by law; and that a two-thirds majority of such number prescribed by law concurring may render a verdict in all civil cases. And that in the trial by jury of all civil cases in courts of record, three-fourths of the members of the jury concurring may render a verdict.'' [Sec. 28, art. 2, Constitution of Missouri.]

This constitutional amendment was self-enforcing. [Sharp v. Biscuit Company, 179 Mo. 553.]

The cumbersome nature of our judicial procedure has always been a source of great annoyance and expense to the people in enforcing such civil rights and police ordinances as are necessary for the protection of their lives and property.

Prior to the amendment to our Constitution hereinbefore set out, a litigant with a meritorious case was often confronted with a mistrial because of one or two contrary men on the jury. Such a mistrial always resulted in delay; and not infrequently, before a second trial could be had, the witnesses were absent or dead, and the litigant thereby altogether failed to obtain the relief to which he was entitled. It was undoubtedly to prevent such delays that the people adopted the aforesaid amendment to the Constitution.

It is quite true, as said by my learned associate, that section 9343, Revised Statutes 1909, enacted in 1895, prescribes that actions appealed from the mayor or police judge to the circuit court shall upon such appeal be tried in the same manner as appeals from justices of the peace in cases of misdemeanor, which of course means a trial by twelve jurors. However, I fail to find anything in said constitutional amendment indicating an attempt to restrict its provisions to any particular class of civil actions; consequently, in my judgment, it modified or repealed section 9343, Revised Statutes 1909, and all other statutes which conflicted with its provisions.

In the case of Kansas City, Fort Scott and Memphis Ry. Co. v. Thornton, 152 Mo. l. c. 575, this court said: "It is the duty of the courts to enforce the organic law, and to brush aside any statute which conflicts with it, whether it was passed before or after the Constitution was adopted."

The fact that a defendant may be branded as a criminal by a conviction of violating a city ordinance does not appeal to me as a good reason for the conclusion reached by my associates.

The penalties inflicted for violating city ordinances usually do not exceed a fine of $100, which is insignificant, compared with the serious consequences of many civil actions wherein a verdict returned by three-fourths of the jury may deprive a citizen of his home or all his property.

It is my opinion that all laws and constitutional provisions intended to expedite the administration of justice should be liberally construed, and that the judgment in this case should be affirmed.