A. CRIDER, Appellant, v. E. D. HAYNES et al.,
Respondents.

**Springfield Court of Appeals, June 3, 1912.**

1. **APPEAL AND ERROR: Points and Authorities: Complying
with Rule.** An appellant in the Springfield Court of Appeals,
should comply with Rule 18, which requires an enumeration
in his brief of the points relied on, together with the citation
of authorities appropriate under such point, and a failure to
comply with such rule carries penalties contained in the rule
and in Rule 21.

2. ————: **Demurrer to Evidence: Motion for New Trial: Sav-
ing Exceptions.** Where appellant complained of the action of
the trial court in giving a peremptory instruction directing
a verdict for the defendant, and ·his abstract does not show
that he saved any exception to such action, neither did it
appear that appellant saved any exceptions to the action of the
trial court in overruling its motion for a new trial, and the·
record proper is free from material error, the judgment will
be affirmed.

Appeal from Greene Circuit Court.—*Hon. Alfred Page,*
Judge.

AFFIRMED.

*N. B. Wilkinson* and *J. L. Bess* for appellant.

*O. F. Wayland* and *Green & Green* for respondent.

NIXON, P. J.—This was an action brought in the
circuit court of Howell county, a change of venue being
thereafter granted to Greene county. After plaintiff
introduced his evidence, defendants filed a demurrer
which was sustained by the court and the jury was
instructed to return a verdict for the defendants which
was done. The only question that the plaintiff claims

was involved was whether he had made out a prima facie case under the pleadings. Plaintiff's petition was based upon a contract with defendants. The plaintiff alleged in his petition that defendants agreed that if he would buy a "Swift's 1904 Washer Contract" for the sum of fifteen hundred dollars, and if said washer contract was thereafter sold the plaintiff was to have the proceeds of such sale. To the petition the defendants filed a general denial.

The appellant in this case has not complied with our Rule 18 requiring appellant to enumerate the points relied on together with a citation of authorities appropriate under each point, and that appellant's brief shall distinctly and separately allege the errors committed by the trial court. Respondents have not filed a brief. We have as our only guide as to what matters are to be considered the following statement at the end of appellant's abstract under the heading, "Argument:" "After reading the record in this case, we deem an argument useless. The facts so clearly conform to the pleadings and the evidence so conclusively sustains all the material allegations therein that we respectfully submit that the decree should be reversed." The provisions of Rule 18 to which we have referred carry penalties contained in the rule and in Rule 21. However, there are more serious difficulties in the way which go to the very right of this court to pass upon the matter complained of. Our examination of appellant's abstract shows that at the close of plaintiff's evidence defendants asked a peremptory instruction directing a verdict for the defendants because the plaintiff had failed to make out a prima facie case which said instruction was given by the court, and that a verdict was rendered in defendants' favor and final judgment entered thereon. To this action of the court the plaintiff neither made nor saved any exception so far as his abstract shows. Afterwards the plaintiff filed a motion for a new trial which was duly

overruled by the court, to which plaintiff saved no exception. Hence none of the errors complained of or grounds assigned in said motion were properly preserved for consideration in this court. [State v. Harris, 216 Mo. 392, 115 S. W. 968.] There is consequently nothing for review except the record proper. On examination we find it free from material error. The judgment is accordingly affirmed. All concur.