## VILLAGE OF MARBLE HILL, Respondent, v. FREEMAN GRAVES, Appellant.

### St. Louis Court of Appeals, June 2, 1914.

1. **APPELLATE PRACTICE: Defective Abstract: Scope of Review.** Where, on appeal by defendant from a judgment convicting him of the violation of a municipal ordinance, the abstract of the record failed to distinguish between matters of record proper and matters of exception, and nothing appeared in the record proper, as distinguished from the bill of exceptions, showing the filing of a motion for a new trial or that a bill of exceptions had ever been filed, the only question open to review was whether the complaint was sufficient to support the judgment.

2. ———: ———: ———. Where, on appeal by defendant from a judgment convicting him of the violation of a municipal ordinance, the abstract of the record failed to distinguish between matters of record proper and matters of exception, and nothing appeared in the record proper, as distinguished from the bill of exceptions, showing the filing of a motion for a new trial or that a bill of exceptions had ever been filed, an objection that the original complaint was defective and that its amendment was improperly allowed in the circuit court could not be reviewed.

3. **MUNICIPAL CORPORATIONS: Prosecution for Violation of Ordinance: Complaint.** A complaint, in a prosecution for the violation of a municipal ordinance, which is in the form required by Sec. 9450, R. S. 1909, is sufficient to support a judgment of conviction, if based upon a valid ordinance.

4. **CRIMES AND PUNISHMENTS: Appellate Practice: Scope of Review.** Sec. 5312, R. S. 1909, providing that no assignment of error or joinder in error shall be necessary on an appeal or writ of error in a criminal case, but the court shall render

judgment on the record before it, merely dispenses with the necessity of the filing of a brief or assignment of error in criminal cases, as a prerequisite to review, and does not require the court to review more than the record proper, where matters of exception are not properly before it.

Appeal from Bollinger Circuit Court.—*Hon. Peter H. Huck,* Judge.

AFFIRMED.

*George E. Conrad, Joseph W. Caldwell* and *Wm. M. Morgan* for appellant.

*Anthony & Davis* for respondent.

(1) It not appearing from plaintiff's abstract of the record that objections to the overruling of motion for new trial and exceptions thereto were embraced in the bill of exceptions, then no matters of exception are before this court for review. Angel v. Portageville, 168 Mo. App. 16; Murphy v. Lorwood Cooperage Co., 168 Mo. App. 11. (2) The evidence taken and the other proceedings had at the trial, not being before this court for review, the court will indulge the presumption that the evidence was sufficient to support the judgment. Hubbard v. Slavens, 218 Mo. 598; Lower v. Marcetine Coal & Mining Co., 142 Mo. App. 351; City of St. Louis v. Henning, 235 Mo. 44. (3) The complaint filed by the village of Marble Hill through its town attorney was sufficient. R. S. 1909, sec. 9450; Inhabitants of Town of Memphis v. O'Connor, 53 Mo. 468; Orick v. Akers, 109 Mo. App. 662.

ALLEN, J.—This is a prosecution for an alleged violation of an ordinance of the village of Marble Hill, relating to the running at large of stock upon the streets of the village. Defendant was tried before the chairman of the board of trustees of said village, found guilty of violating the ordinance, and fined $2.50.

Upon appeal to the circuit court and a trial there before a jury, defendant was again found guilty of an infraction of the ordinance and his punishment assessed at a fine of $2.25. The court entered a judgment against him for said sum, and he appeals.

The point has been duly made by respondent that, in view of the condition of appellant's abstract, there is nothing before this court for consideration except the record proper. We have carefully examined the abstract and find that respondent's contention in this regard must be sustained. The abstract wholly fails to distinguish between matters which belong in the record proper and those which must be shown by the bill of exceptions. [See Stark v. Zehnder, 204 Mo. l. c. 448, 449, 102 S. W. 992; School District ex rel. v. Beggs, 147 Mo. App. 177, 126 S. W. 532.] Nothing appears in the record proper, as distinguished from the bill of exceptions, showing the filing of a motion for a new trial, or that any bill of exceptions was ever filed in the case.

It follows that there is nothing before us but the record proper, and the only question for our determination is whether the information will support the judgment. The original information filed was amended prior to going to the trial in the circuit court. It is contended that as originally filed it was fatally defective and insufficient, and that the amendment in the circuit court was improperly allowed. But in the state of the record before us this matter cannot be reviewed. Neither is the ordinance here. The amended information, being in the general form provided by section 9450, Revised Statutes 1909, would appear to be sufficient to support the judgment, if based upon a valid ordinance.

Appellant urges that under section 9539, Revised Statutes 1909, this is a criminal appeal, citing King City v. Duncan, 238 Mo. 513, 142 S. W. 246, and that therefore, under section 5312, Revised Statutes 1909,

it is our duty to review the record before us. But
we need say nothing as to the effect of· section 9539;
supra. We have in fact carefully reviewed the type-
written transcript of the record. Not only does it fail
to set out the ordinance upon which the prosecution is
based, but ''it commingles in an  undistinguishable
mass, matter of exception with record proper and mat-
ter contained in record entries, without any earmark to
guide us in telling where one begins or the other leaves
off. In that fix we cannot know what is in the bill
of exceptions.'' [See St. Louis v. Young, 248 Mo. 246,
154 S. W. 87, which was an appeal from a conviction
for the violation of a city ordinance.] Such being the
case, it is undoubtedly our duty to affirm the judgment.
[St. Louis v. Young, supra, and cases cited.]

Learned counsel for appellant are in error as to
the effect of section 5312, supra. This section pro-
vides that no assignment of error, or joinder of error,
shall be necessary upon an appeal or writ of error
in a criminal case, but that the court shall proceed and
render judgment upon the record before it. But this
merely means that though no brief be filed; or assign-
ments of error made, it is the duty of the appellate
court nevertheless to examine so much of the record
as is properly before it. The statute merely dispenses
with the necessity of the filing of a brief, or of assign-
ments of error, in criminal cases, as a prerequisite to
such review. If matters of exception are not prop-
erly before the appellate court, the latter, in a crim-
inal cause, reviews only the record proper, as in
other cases. [See State v. George, 221 Mo. 519, 120
S. W. 35; State v. Parnell, 206 Mo. 723, 105 S. W.
742.] But where matters of exception have been duly
incorporated into the record, the entire record will
be reviewed (See State v. Tullar, 138 Mo. App.
387, 122 S. W. 313; State v. Donahue, 139 Mo. App.
639, 124  S. W. 42); and if no assignments of
error are before it, the appellate court will look to

the errors designated in the motion for a new tial. [See State v. Wilson, 223 Mo. l. c. 186, 122 S. W. 671.]

It matters not therefore whether this appeal is to be regarded as one in a criminal case or otherwise. [See King City v. Duncan, supra.] In any event, it is clear that we can do nothing but affirm the judgment. [St. Louis v. Young, supra.]

The judgment is accordingly affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.