CITY OF MEXICO, APPELLANT, v. HARRY SHARP, RESPONDENT.*

St. Louis Court of Appeals. Opinion filed December 6, 1927.

196

*Corpus Juris-Cyc. References: Motor Vehicles, 42CJ, p. 634, n. 45; Municipal Corporations, 43CJ, p. 300, n. 94; p. 465, n. 41; p. 487, n. 66.

W. W. Botts, for appellant.

Clarence A. Barnes for respondent.

DAUES, P. J.—Defendant was charged in the police court in the city of Mexico, Missouri, with a violation of the traffic ordinances of said city. The police judge found him guilty and assessed his punishment at a fine of $5 and costs. Defendant appealed to the circuit court of Audrain county, where the cause was heard without the intervention of a jury, and at the close of the city's case the court sustained a demurrer to the evidence. The city has appealed.

In the police court there was an affidavit in writing, which is to the effect that information had been afforded the City Marshal, Joe Beatty, by one T. T. Morris, a police officer, that the defendant

Sharp on May 23, 1926, unlawfully operated an automobile upon the streets of the city of Mexico "not in a careful and prudent manner and at a rate of speed in excess of twenty miles an hour so as to endanger the lives and limbs of persons, contrary to section 40 of Ordinance No. 628" of the ordinances of said city. The affidavit begins with the name of Morris as informant, but same is sworn to by Beatty, City Marshal. The statement of the City Attorney, however, names Beatty as the complaining witness, and sets out the offense in almost the exact language of the affidavit, naming section 40 of ordinance No. 628 as the ordinance violated. Upon this statement and affidavit, conviction was had in the police court. When the case reached the circuit court it was discovered that the old ordinance had been amended, and the court granted leave to the city to amend the complaint in which the same charge was made as being contrary to section 40 of ordinance No. 628, as amended by ordinance *No. 633* of said city.

The first point made by respondent is that the circuit court's action in dismissing the defendant was correct regardless of the record in other respects, because the court should not have allowed the amendment of the complaint, same being a total departure from the charge in the police court. We think not.

In the history of our jurisprudence, from the very beginning, there has been difficulty in classifying prosecutions under city ordinances as to whether they were civil or criminal.

In St. Louis v. Ameln, 235 Mo. 669, 139 S. W. 429, the Supreme Court en Banc, even at that date, concluded "that all the law has been able to do is to call it civil or *quasi*-criminal in character," but it was there held that strict rules applicable to criminal informations are not applied to a complaint filed by a City Attorney to recover the penalty for a breach of ordinances.

Later, in King City v. Duncan, 238 Mo. 513, 142 S. W. 246, that court ruled that a prosecution for a violation of a city ordinance is civil and not criminal, but that under the state of laws then existing the defendant was entitled to a trial by a jury, must be proven guilty beyond a reasonable doubt and did require a unanimous verdict to convict.

In the recent case of St. Louis v. Hoffman, 312 Mo. 600, 280 S. W. 421, the Supreme Court en Banc sustained the procedure under the Charter and Ordinances of the city of St. Louis to convict for a violation of the traffic ordinance and to assess a punishment by imprisonment in the first instance, and in its opinion cites the case of King City v. Duncan, supra, and distinguished the Hoffman case from the cases generally for violation of city ordinances where the proceeding is for a penalty in the first instance. We still find ourselves supported by the controlling decisions that this prosecution,

so far as the sufficiency of the complaint is concerned and the power to amend, is to be treated as civil and not criminal. But regardless of that, the complaint is subject to amendment since the Act of May 1, 1925 (sec. 3762) has been adopted. [See Laws of Missouri 1925, p. 194.]

The fact that the police officer's name appeared at the beginning of the affidavit, but which was in fact sworn to by the city marshal, does not destroy the prosecution. We have examined both the original statement and the amended one, and the charge is identical. The time and place and the acts complained of are identical, and the evidence necessary to prove the one was necessary to prove the other. The only difference that we can see is that in the one ordinance the acts charged are made presumptive evidence of guilt, while in the other the acts themselves constitute a violation of the ordinance.

While the record does not definitely show on what ground the court sustained the demurrer to the evidence, both the city attorney and counsel for defendant have squared off upon the question as to whether the city of Mexico under the existing statutory law has the authority to fix a definite maximum rate of speed at which a motor vehicle may be driven upon its streets. The amended ordinance is entitled "An ordinance to amend section 40 or ordinance No. 628, entitled 'an ordinance regulating riding, driving, travel and traffic on the streets and boulevards of Mexico, and providing punishment for violation thereof.'" The record shows that the whole ordinance was introduced. Only section 40 of the last ordinance was read into evidence, however. In part, it is:

"Every person operating a . . . motor vehicle upon the public streets, boulevards, parkways, alleys or other public places within the city of Mexico, shall drive the same in a careful and prudent manner and at a rate of speed that shall not endanger the property of another or the life or limb of any person or persons, provided that no person shall operate a motor cycle or motor vehicle within the limits of said city of Mexico and lying and being outside of the boundaries of said congested districts in excess of not to exceed twenty miles per hour," etc., etc.

The provision under which this defendant was charged and tried is the provision which prohibits the driving of an automobile in excess of twenty miles an hour in that portion of the city lying outside of the congested district. The point, then, is as to whether the municipality had the power to fix the limit of speed at twenty miles an hour and whether a violation exists if that limit is exceeded without anything more. The proof in the case, through the traffic officer, is that defendant was traveling outside of the congested district at twenty miles, twenty-five miles and as fast as thirty miles an hour at some places. It is conceded that the defendant was a resident of the city of Mexico at the time.

Defendant's counsel, in a most engaging argument, takes the position that no conviction may stand under this ordinance, or under the ordinance of any of the municipalities in this State, unless the evidence is sufficient to convict for failure to drive in a careful and prudent manner regardless of the rate of speed at which defendant was traveling; that an ordinance which arbitrarily fixes the maximum speed of automobiles at twenty miles an hour is void under our State law and that the element of care and prudence in driving always controls; that there is always a necessary consideration in speed ordinances of the width of the street, the time of day or night, the traffic, the proximity of residences and schools, the condition of the highways and the location with reference to intersecting highways or curves, etc., under Chapter 21, Revised Statutes Missouri, page 99, Laws Missouri 1921, First Extra Session, and particularly section 24 thereof, and that the Legislature has established this not only for the State outside of the city limits but for all municipalities as well. It is argued that section 19 of the Act leaves it to the court to determine in every case whether a rate of speed is or is not careful and prudent. And counsel says that the only limitation of speed authorized by legislation now is that a person should drive in a careful and prudent manner and at a rate of speed which will not endanger life or property, with the provision that the rate of speed in excess of twenty-five miles an hour for certain distances to be deemed presumptive evidence of a failure to drive carefully and prudently.

We cannot persuade ourselves to the view that the respondent is correct in this far-reaching innovation of the law of a traffic ordinance. Before the present statute was enacted, the fixing of speed limits in cities was a city legislative question, within the bounds of reasonableness. [State v. Swagarty, 203 Mo. 517, 102 S. W. 483.] Certainly we cannot say that a twenty-mile speed limit is so unreasonable as to make same void for that reason alone. Furthermore, this appellant city and our municipalities generally possess the power expressly, if not so, then by necessary implication, to fix the rate of speed of motor vehicles on their streets unless same has now been cleaved away by the latest State motor vehicle law. We think an examination of this act leaves no doubt that municipalities still possess the power to fix the speed limit which may not be exceeded by drivers of motor vehicles within the city limits, and if exceeded, constitutes a violation of the ordinance, for which punishment may be meted out. This rate may be subjected to an examination as to reasonableness by the courts. [Baker v. Hasler (Mo. App.), 274 S. W. 1095.]

In section 24 of the present State motor vehicle law (extra session in the Laws of Missouri 1921), it is provided in the first sub-

section of section 24 that municipalities may by ordinance establish reasonable *speed* regulations for motor vehicles within their limits. Then there is a proviso that no person who is not a resident of such municipality and who has not been in said municipality for a continuous period of more than forty-eight hours shall be convicted for a violation of such ordinance unless it is shown that "there was posted at the place where the boundary of such municipality joins or crosses any highway a sign displayed in black letters not less than four (4) inches high and one (1) inch wide on a white background the speed fixed by such municipality so that such sign may be clearly seen by operators, and drivers from their vehicles upon entering such municipality." And in subsection "B" of such section 24, municipalities are given the power to make additional rules of road and traffic regulations to meet their needs in traffic conditions, such as one-way streets, etc.

Now, from a reading of that provision of the State law, we entertain no doubt that the city may make and fix a definite but reasonable speed limit within its municipality. If that were not so, why would the State law require that the city post a sign to inform transients of the speed limit within the city? This undoubtedly means that there shall be posted a maximum speed limit in miles that a motor vehicle may travel within its city. It could mean nothing else.

The whole scheme of Chapter 71, as rewritten in the Extra Session of the Legislature 1921, shows that the school of thought which has taken root elsewhere of destroying the arbitrary fixing of mileage rates has not been adopted in so far as the streets and boulevards of the cities are concerned. It has not, in our opinion, taken away from the municipalities of the State the power to fix reasonable speed limits within the incorporated boundary of such city. That still remains. That being so, the lower court's view that the ordinance was forbidden by the State law and thus void, is erroneous. And while the lower court did not express any reason for sustaining the demurrer to the evidence, counsel on both sides present the case here to determine that point.

There are other questions of less import in the case, but since this was the overshadowing question which decided the case below, we have limited ourselves to the questions of the amendment of the statement and the construction of our present State law.

Therefore, the case having been erroneously tried, the judgment must be reversed and the cause remanded. It is so ordered. *Becker* and *Nipper, JJ.,* concur.