CITY OF BETHANY, RESPONDENT, v. CORA CUSTER, APPELLANT.—58 S.
W. (2d) 779.

Kansas City Court of Appeals.   April 3, 1933.

*Mrs. Sylvester Wells* for appellant.

No brief for respondent.

SHAIN, P. J.—The controversy herein arose by the city of Bethany, Missouri, filing a complaint in the police court of that city, seeking to recover the sum of one hundred ($100) dollars from Cora Custer, on the ground that said Cora, in violation of certain numbered sections designated as "Ordinances, of the city of Bethany, entitled revising the ordinances of the city of Bethany, Missouri."

The complainant alleges due adoption of the ordinances by the city, but is silent as to the subject-matter of the said ordinances. There is shown a. complaint, which is in words and phrases as follows (clerical corrections), to-wit:

"STATE OF MISSOURI, CITY OF BETHANY, ss.
"CITY OF BETHANY, PLAINTIFF, vs. CORA CUSTER, DE-
FENDANT.
"Before Wm. Roleke, Police Judge.
"Cora Custer to the City of Bethany, Dr.
"To one hundred 00/100 dollars for the violation of sections 362 and 364 of an ordinance of the city of Bethany, entitled revising the ordinances of the city of Bethany, Missouri, duly adopted by the board of aldermen, and approved by the mayor of said Bethany, on the 15th day of February, 1926, to this, to-wit:

"That on the 18th day of July, 1930, in the city of Bethany, the said defendant Cora Custer did willfully and maliciously maintain a nuisance by leaving and depositing upon city lots under her control and occupancy in the city of Bethany, Missouri, ashes, cinders, stones, dirt, paper, trash, rubbish, decayed vegetable matter, broken ware, rags and other disagreeable substances.

"Count 2. And permitted growth of weeds on said lots to a height of over one foot. Said lots being under her occupancy and control, contrary to the ordinance aforesaid, and against the peace and dignity of said city.

"Wherefore; the city of Bethany prays judgment against said defendant for $100 and for costs of this suit.

"C. C. Ross,<br>
"City Attorney."

While what is before us discloses that the municipal authorities and probably others of Bethany, Missouri, are sorely aggrieved at Cora Custer for some so charged very willful and malicious acts, still as no bill of exceptions has been filed, and probably never could be filed, this court is at a loss to know just what it is all about.

On March 5, 1932, there was filed in this court a certificate made by the trial judge. In this certificate, the judge certifies that the reporter, who took the case, has been unable to transcribe her shorthand notes and furnish to the appellant herein a transcript from which to make bill of exceptions.

The certificate has this language: "The appellant, therefore, is deemed by me to have good cause for not having perfected and filed her bill of exceptions in said cause."

We concur, in the above, and will endeavor from what is before us to make the best disposition of the matter possible under the circumstances.

There is on file, in this case, what purports to be a "Transcript." This so-called transcript consists of the complaint, statement that there was a trial in the police court resulting in $5 fine, several affidavits for appeal, motions for continuance, motions to dismiss, motions to tax costs, recitals of the facts of the trial in the circuit court with a jury verdict there, together with about all that a transcript should contain, minus the transcript itself. As the true transcript is still in the original handwriting of the stenographer, we congratulate ourselves that the same is not included in the accumulation of odds and ends for us.

This court is indebted to Mrs. Sylvester Wells, attorney at law, for coming in as a friend of the court and filing an abstract and brief and presenting an oral argument. Without the aid of this lady, we fear that Bethany would have been inflicted with one of those

procrastinating litigations, akin to the renowned case of Jarvis v. Jarvis.

The case at bar comes under the class designated as *quasi*-civil, wherein matter of pleading conforms to civil practice and matter of procedure partakes of criminal character.

The city sued Cora Custer for one hundred ($100) dollars.

It is shown by the documents before us, that a jury in the circuit court brought in a verdict assessing a penalty of $100 and three (3) months in the county jail.

Under the rulings of the courts in Missouri, concerning appeals from prosecutions for violation of ordinances of cities of the fourth class, it is held that procedure is as in criminal procedure for misdemeanor, wherein, when there is no bill of exceptions the case can be determined on the record proper. [Golden City v. Hall, 68 Mo. App. 627.]

We conclude that there is sufficient record from which we can dispose of the case and under conditions presented adopt such a course rather than dismiss the appeal.

From what is before us, we cannot help but conclude that the complaining municipality and its good citizens have been greatly disturbed by the marring of scenic beauty, threat to public health and offence to olfactory nerves, created by the conditions set forth in the complaint. However, due process of law and procedure constitutes the means of correction, and, based upon considerations of such, we state our conclusions.

The complaint, in this case, limits its scope to a declaration for one hundred ($100) dollars.

The verdict of the jury in the circuit court shows the same not to be responsive to the attempted pleadings. The language of the complaint, as a pleading under the rules relative to *quasi*-civil proceedings, fails to properly state a cause of action, in that it attempts to state an action civil in form for violation of an ordinance, "Entitled revising the ordinances of the city of Bethany, Missouri." Then proceeds to make a criminal charge of willfully and maliciously maintenance of a nuisance.

While we may presume that the ordinance, referred to, may deal with the subject-matter of nuisance, still there is not sufficient clarity on that point.

We, therefore, conclude that there was such deficiency in the pleading that the same did not state any cause of action.

For the above and foregoing reasons, the cause is reversed outright. All concur.