# CITY OF ST. LOUIS v. ALBERT VON HOFFMANN, Appellant.

In Banc, February 4, 1926.

1. **ORDINANCE: Violation: Punishment: Imprisonment.** The city of St. Louis has power to inflict limited imprisonment in the first instance as a penalty for the violation of its traffic ordinances.

2. **IMPRISONMENT: Power of City: Granted by Charter.** A city does not have power to imprison for a violation of its ordinances unless the power is expressly granted. But it has been expressly granted to the city of St. Louis by its charter declaring that the city "shall have power to enforce any ordinance, rule or regulation by means of fines, forfeitures, penalties, and imprisonment or by action or proceeding in its own courts or in any other court of competent jurisdiction or by any one or more of such means."

3. ———: ———: **Consistent with State Law.** The charter power of the city of St. Louis to enforce any ordinance by imprisonment as a penalty for its violation is consistent with the Constitution and laws of this State. The statute (Sec. 7674, R. S. 1919) expressly says that cities of the first class shall have power "to enforce the observance of all such rules, ordinances and police regulations, and to punish violation thereof by fines, penalties and imprisonment in the city prison or workhouse," and the general statute (Sec. 8648, R. S. 1919) authorizes "the various cities, towns and villages in this State" by ordinance to cause all persons convicted of a violation of an ordinance, "whether the punishment be by fine or imprisonment, or by both, to be put to work and perform labor on the public streets."

4. ———: **Violation of Traffic Ordinance: Intoxicated Driver of Automobile: Debt: Civil Action: Prior Fine.** Notwithstanding a suit for the collection of fines and penalties for the violation of a city ordinance has been held to be in its nature a civil action for the recovery of debt, a proceeding which has for its sole object the inflection of punishment for the violation of an ordinance is not such a suit; and the provision of the Constitution (Art. 2, sec. 22) prohibiting imprisonment for debt, except for the non-payment of fines and penalties imposed for violation of law, has no application to such a proceeding. A proceeding against the driver of an automobile for violating a traffic ordinance which imposes imprisonment in the workhouse for a period not exceeding six months for driv-

St. Louis v. Hoffmann.

ing an automobile while intoxicated is not a suit to collect a debt, and punishment by imprisonment may be imposed without the imposition of a fine and an opportunity to pay it.

5. ———: Violation of Traffic Ordinance: Statute: Trial by Jury: Indictment: Intoxicated Automobile Driver. An ordinance prescribing the maximum rate of speed at which motor vehicles, under varying conditions, may be driven over city streets falls within the category of municipal police regulations; and its character in that respect is in no wise changed by the fact that there is a general statute regulating the speed of such vehicles while moving along the highways of the State; and the violation of the ordinance is therefore such an offense against the municipality as may be summarily prosecuted, without indictment or trial by jury, notwithstanding a limited imprisonment may in the first instance be by it inflicted as a punishment upon a person for driving an automobile while intoxicated.

Constitutional Law, 12 C. J., Section 448, p. 941, n. 32. Criminal Law, 16 C. J., Section 636, p. 346, n. 15; Section 665, p. 362, n. 95 New. Municipal Corporations, 28 Cyc., p. 698, n. 98; p. 732, n. 1; p. 785, n. 94; p. 816, n. 63, 64, 65, 66; p. 817, n. 67, 71.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Anthony Hochdoerfer*, Judge.

AFFIRMED.

*D. D. Holmes* for appellant.

(1) A prosecution for the violation of a municipal ordinance is a civil proceeding for the recovery of a debt. King City v. Duncan, 238 Mo. 513; Grant City v. Simmons, 167 Mo. App. 183; Village of Marble Hill v. Caldwell, 189 Mo. App. 286; Village of Koshkonong v. Boak, 173 Mo. App. 310; East Prairie v. Greer, 186 S. W. 952; De Soto v. Brown, 44 Mo. App. 148; St. Louis v. Knox, 74 Mo. 79; Ex parte Kibing, 10 Mo. App. 442. (2) Imprisonment for debt is prohibited by the Constitution, except for the non-payment of fines and penalties imposed for violation of law. Mo. Constitution, art. 2, sec. 16. (3) The power to imprison for violation of an ordinance does not exist unless expressly granted. Dillon on Municipal Corps. (5

Ed.) sec. 625, p. 961; 2 McQuillan, Municipal Corps. sec. 715; 28 Cyc. 816.

*Walter H. Saunders,* and *Leahy, Saunders & Walther,* amici curiae.

(1)   The city of St. Louis has no powers except those expressly conferred by its charter or necessarily implied, and charter and ordinances must always harmonize with the Constitution and statutes.   (a)   A prosecution for the violation of a municipal ordinance is a civil proceeding for the recovery of a debt, and imprisonment may be imposed under the St. Louis City Charter, not exceeding one hundred days, if the debt is not paid.   Only petty offenses can be covered by a municipal ordinance, and such offenses must fall within the city's police power. Ex parte Hollwedell, 74 Mo. 395; Ex parte Larner, 281 Mo. 18.   (b)   The city of St. Louis has no power to imprison in the first instance for violation of an ordinance, but only upon default in payment of fine.   (2)   The city of St. Louis has no constitutional power under its Charter to pass an ordinance copying a state criminal statute and providing substantially the same punishment for the violation thereof as provided by the state statute, namely, imprisonment in the workhouse. Only petty offenses within the city's police power which are not included in statutory crimes can be covered by a municipal ordinance. 2 Dillon, Municipal Corps. (5 Ed.)  secs. 751-755, pp. 1130-1132; State v. Moss, 2 Jones Law (N. C.) 66; Durr v. Howard, 6 Ark. 461; Rector v. State, 6 Ark. 187; Smith v. San Antonio, 17 Tex. 643; Slaughter v. People, 2 Doug. (Mich.) 334; Jefferson City v. Courtmire, 9 Mo. 692; State v. Cowan, 29 Mo. 330; Simmons v. State, 75 Oh. St. 346; City of Fremont v. Keating, 96 Oh. St. 468; Donner v. State, 89 Md. 220; Slattery, Ex parte, 3 Ark. 484; In re Sic, 73 Cal. 142; Zylstra v. Corporation of Charleston, 1 Bay's Rep. (S. C.) 382, decided in 1794, and the first case in this country on this subject; Pearson v. Wimbish, 124 Ga. 701; Callan v. Wilson, 127 U. S. 540; 2 McQuillan,

Municipal Corps., sec. 715, 740, 993; 7 McQuillan, Municipal Corps., secs. 6904, 6934. (3) Such an ordinance providing punishment by imprisonment in the workhouse is unconstitutional under Sections 12, 22 and 30, Article II, Constitution of Missouri, guaranteeing the rights of the accused in a criminal trial, and under the Fourteenth Amendment to the Federal Constitution. Cases under point 2. In any aspect of the case the penalty is excessive and unreasonable, if not unconstitutional.

*Oliver Senti, Charles J. Dolan* and *Julius T. Muench* for respondent.

(1) The charter of the city of St. Louis authorizes and empowers the city "to enforce any ordinance, rule or regulation, by means of fines, forfeitures, penalties and imprisonment, by action or proceeding in its own courts or in any other court of competent jurisdiction or by any one or more of such means." Charter, Art. 1, sec. 1, sub-sec. 34. (2) The above provision of the charter is in harmony with the Constitution and laws of Missouri as required by Section 23 of Article IX of the Constitution. R. S. 1919, sec. 7674, subdivision 38. (3) Proceedings before the judge of a municipal court are not governed by the rules of criminal procedure, but are placed in a special category and designated "summary procedure." (4) The traffic ordinance provides a penalty of fine or imprisonment, or both fine and imprisonment, for persons convicted of violating the provisions regarding speeding. Sec. 14, Ordinance No. 32926, approved March 22, 1924.

RAGLAND, J.—This proceeding was commenced in the Police Court of the city of St. Louis on the 11th day of April, 1924, by the arrest of defendant on the charge of having violated the traffic ordinance of said city, known as Ordinance No. 32926, in that he had driven along the streets of the city at a speed of thirty miles an hour. The specific provisions of the ordinance charged to have been

violated are found in Clause (a) of Section 2 thereof, and are as follows:

"Every person operating a motor vehicle . . . on the streets of this city shall operate or drive the same in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person; provided that a rate of speed in excess of twenty-five miles an hour for a distance of one city block shall be considered as proof of driving at a rate of speed which is not careful and prudent."

Section 14 of the ordinance prescribes the penalty which may be assessed for a violation of its provisions. Said section is as follows:

"Any person who violates or fails to comply with the provisions of this ordinance shall upon conviction thereof be fined not less than five dollars nor more than five hundred dollars; or, in the case of a person who shall be convicted of having violated any of the provisions of this ordinance governing the speed of automobiles, careless and reckless driving, driving an automobile while intoxicated or leaving the scene of an accident, shall be imprisoned in the city workhouse for a period not exceeding six months or may be both fined and imprisoned."

A trial in the police court resulted in the defendant being sentenced to one day in the workhouse; on appeal to the Court of Criminal Correction the case was submitted on an agreed statement of facts and resulted in a like sentence. After an unsuccessful motion for a new trial, the appeal to this court followed.

The agreed statement of facts on which the cause was submitted in the Court of Criminal Correction, other than the parts which deal with merely formal or record matter, is as follows:

"That on the 11th day of April, 1924, in the city of St. Louis and State of Missouri, defendant Albert Von Hoffmann did operate and drive a motor vehicle, to-wit, an automobile, on the streets of St. Louis, to-wit, 12th Street between Park Avenue and Chouteau Avenue, being a distance of more than one city block, at a rate

of speed in excess of twenty-five miles an hour for the whole of said distance, to-wit, at a rate of speed of about thirty miles an hour. . . .

"That the said Albert Von Hoffmann admits that the said Ordinance No. 32926 was regularly enacted and that the charge against him of violating the said ordinance comes before this court in proper form upon the report of the chief of police and that he has not asked to be tried on an indictment or an information and he declares his willingness to pay any fine that this court may impose upon him within the limits provided by the said Section Fourteen of the said Ordinance No. 32926, or in default of such payment of such fine to be sent to the workhouse for such period of time as may be necessary and to perform such labor as may be provided by ordinance until such fine shall be fully paid, together with the costs of this proceeding; but that the said Albert Von Hoffmann denies that the Board of Aldermen of the city of St. Louis is authorized or empowered by law to enact that portion of the said Section Fourteen of the said Ordinance No. 32926, provided as follows: 'Or, in the case of a person who shall be convicted of having violated any of the provisions of this ordinance governing the speed of automobiles, careless and reckless driving, driving an automobile while intoxicated or leaving the scene of an accident, shall be imprisoned in the city workhouse for a period not exceeding six months or may be both fined and imprisoned,' and denies that the Honorable City Court of the city of St. Louis or this Honorable Court is authorized or empowered by law to sentence him to serve a term of imprisonment in the workhouse without any fine being imposed upon him or without default in the payment of a fine."

From the foregoing it appears that the sole question involved in this appeal is whether the city of St. Louis has the power to inflict imprisonment in the first instance as a penalty for the violation of its traffic ordinance, or for that matter any of its ordinances. In support of his contention that the city has no such power the

appellant bases his argument on three propositions: (1) The power to imprison for violation of an ordinance does not exist unless expressly granted; (2) a prosecution for the violation of a municipal ordinance is a civil proceeding for the recovery of a debt; and (3) imprisonment for debt is prohibited by the Constitution of Missouri, except for the non-payment of fines and penalties imposed for violation of law. These we will consider.

I. That the power to imprison for violation of an ordinance does not exist unless expressly granted must be conceded. [28 Cyc. 816.] To determine whether such power has been conferred upon the city of St. Louis one would naturally go first to its charter. There we find:

"It (the city of St. Louis) shall have power . . . to enforce any ordinance, rule or regulation by means of fines, forfeitures, penalties, and imprisonment or by action or proceeding in its own courts or in any other court of competent jurisdiction or by any one or more of such means, and to impose costs as a part thereof." [Charter of the City of St. Louis, art. 1, sec. 1, Sub-sec. 34.]

Language could not be plainer. Then so far as the charter is concerned the power is expressly conferred upon the city to enforce its ordinances by means of imprisonment.

The next question is whether the charter provision just quoted is "consistent with . . . the Constitution and laws of this State." [Sec. 16, Art. IX, Mo. Const.] Section 7674, Revised Statutes 1919, invests cities of the first class with the power "to enforce the observance of all such rules, ordinances and police regulations, and to punish violation thereof by fines, penalties and imprisonment in the city prison or workhouse, or both, in the discretion of the court before whom conviction may be had." Section 8521, Revised Statutes 1919, as amended in 1923, Laws 1923, p. 283, authorizes certain cities of the fourth class to enforce their ordinances "by prescribing and inflicting upon its inhabitants, or other persons violating the same, such fines not exceeding $100, and such im-

prisonment not exceeding three months, or both such fine and imprisonment, as may be just.'' And Section 8648, Revised Statutes 1919, authorizes ''the various cities, towns and villages in this State, . . . to, by ordinance, cause all persons who have been convicted and sentenced by the mayor, judge of the police court, or other court having jurisdiction, for violation of ordinance of such city, town or village, whether the punishment be by fine or imprisonment, or by both, to be put to work and perform labor on the public streets.'' From these statutes it is obvious that the charter provision in question is in complete harmony with the general law of the State. Whether it is in conflict with the organic law we will next consider.

II.    In support of his contention that the ordinance is unconstitutional appellant invokes only the prohibition against imprisonment for debt, except for the non-payment of fines and penalties imposed for violation of law. [Mo. Constitution, art. 2, sec. 23.] What bearing this provision of the Constitution has on the validity of the ordinance is not clear. Appellant's argument in this connection seems to proceed on the assumption that all prosecutions for violation of municipal ordinances are civil proceedings for the recovery of debt. With this as his major premise he reaches the conclusion that in every such case indebtedness in the form of a fine must be assessed and the defendant given an opportunity to pay it before he can be imprisoned. The premise is based on the observation frequently made by this and other appellate courts of the State that suits for the collection of fines and penalties for violating city ordinances are in the nature of civil actions for the recovery of debt. [King City v. Duncan, 238 Mo. 522; Delaney v. Police Court, 167 Mo. 678.] The case at bar is not such a suit. It is a proceeding which has for its sole object the infliction of punishment for the violation of an ordinance. As the punishment prescribed by the ordinance may in the first instance be. imprisonment in the city workhouse, the action can in no

sense be deemed one for the recovery of debt. Conse-
quently the prohibition against imprisonment for debt
is without application on the question of constitutionality.

The implication arising from appellant's position is
that if a prosecution for the violation of a municipal or-
dinance is not merely a civil action for the recovery of
debt, it must in all respects be initiated and conducted
in conformity with constitutional and statutory provisions
relating to crminal prosecutions. The questions involved
in such contention are not new. There is a wealth of case
law on the subject, the doctrines of which have been
admirably summarized by Judge Dillon. As in conson-
ance with our own holdings we quote the following from
his text:

"Proceedings for the violation of municipal ordin-
ances are frequently summary in their character, and it
has been made a question how far statutes or charters au-
thorizing such proceedings are valid, especially where no
provision is made for trial by jury. . . .

"The general principles applicable to its solution,
however, are plain. Violations of municipal by-laws
proper, such as fall within the description of municipal
police regulations, as for example those concerning mar-
kets, streets, waterworks, city officers, etc., and which re-
late to acts and omissions that are not embraced in the
general criminal legislation of the State, the Legislature
may authorize to be prosecuted in a summary manner by
and in the name of the corporation, and need not provide
for a trial by jury. Such acts and omissions are not crimes
or misdemeanors to which the constitutional right of trial
by jury extends. . . .

"Where the act or omission sought to be punished
by imprisonment under a municipal ordinance is in its
nature not peculiarly an offense against the municipality,
but rather against the public at large, and where it falls
within the legal or common-law notion of a crime or
misdemeanor, and especially where, being of such a na-
ture, it is embraced in the criminal code of the State, then
the constitutional guaranties intended to secure the liberty

of the citizen and the right to a trial by jury cannot be evaded by the nature of the powers vested in the municipal corporation or the nature of the jurisdiction conferred upon the municipal courts. If no imprisonment for the violation of the municipal regulation is authorized, it is clear that the prosecution is not criminal, and there is no constitutional right to a trial by jury. But if a limited imprisonment on default of paying a fine, or even as part of the punishment, is authorized by the Legislature, this does not necessarily make the case, if it be for a violation of a mere municipal regulation, one to which the right of a trial by jury extends. The question depends rather, we think, upon the intrinsic nature of the offense.'' [2 Dillon on Mun. Corp. (5 Ed.) secs. 749, 750.]

The ordinance of the city of St. Louis prescribing the maximum rates of speed at which motor vehicles under varying conditions may be driven over its streets clearly falls within the category of municipal police regulations. And its character in that respect is in no wise changed by the fact that there is a general statute regulating the speed of such vehicles while moving along the highways of the State. [McInerney v. Denver, 17 Colo. 302.] A violation of the ordinance is therefore such an offense as may be summarily prosecuted, and this notwithstanding that a limited imprisonment may in the first instance be inflicted as a punishment therefor. [Ex parte Hollwedell, 74 Mo. 395.]

The judgment of the Court of Criminal Correction is affirmed. All concur.