CURTIS PETERS et al. v. RICKA PETERS et al.; ELIZABETH M. SCHACHNER et al., Appellants.

In Banc, February 4, 1926.

1. **CONVEYANCE: Deed to Husband and Wife: Tenants in Common: Estate by the Entireties.** A husband and wife can hold title to real estate as tenants in common; and since the adoption of the

312 Mo. Sup.—39.

Peters v. Peters.

Married Woman's Act of 1889 there is no longer any reason, if one ever existed, why a deed which in its operative clause expressly designates them as tenants in common should be construed to be a conveyance to them as tenants by the entirety.

2. ———: ———: ———: ———: **Statute.** The statute (Sec. 2273, R. S. 1919) declaring that "every interest in real estate granted or devised to two or more persons, other than executors and trustees and husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be a joint tenancy," expressly deals with tenancies in common and joint tenancies, and is not controlling on the question whether a conveyance to husband and wife which, by the express words of its operative or granting clause, clearly and unequivocally indicates an intention to create a tenancy in common, must be construed to create a tenancy by the entirety. On the contrary, a deed which clearly and unequivocally recites in its granting clause that the land is conveyed to a husband and his wife as tenants in common does not create an estate by the entirety, but does create a tenancy in common, and upon the death of one of them intestate the survivor does not take the entire estate, but, except as to marital rights, the survivor takes only what he or she previously owned, namely, an undivided half interest in the land.

3. ———: **Deed to Husband and Wife as Tenants in Common: Reformation to Show Estate by Entirety: Proffer of Proof: Rejection: Hearsay.** A court of equity has power to reform a deed which, by mutual mistake, fails to execute the intention of the parties. It has power to reform a sheriff's deed in partition conveying real estate to a husband and wife "as tenants in common" so as to make it a conveyance to them as tenants by the entirety. But where they permitted said deed to remain upon record for more than twenty years, and both are dead and died intestate, the proof to establish the mistake must be clear, cogent and convincing, consisting of clear and unequivocal evidence, leaving no room for reasonable doubt as to the facts relied upon; and where the proof proffered to establish the mistake, in such a case, and refused by the court, appears to be mere hearsay, and if it had been admitted it would not have been of sufficient strength or import to warrant a reformation of the deed, this court will approve the ruling refusing to receive it, and will not remand the cause in order that it may be heard.

Appeal and Error, 4 C. J., Section 3004, p. 1019, n. 76. Husband ˙nd Wife, 30 C. J., Section 89, p. 559, n. 77; p. 560, n. 81; Section 96, p. 564, n. 59. Reformation of Instruments, 34 Cyc., p. 904, n, 5; p. 915, n. 86; p. 917, n. 87; p. 984, n. 32, 34; p. 988, n. 37,

Appeal from St. Louis City Circuit Court.—*Hon. Frank Landwehr,* Judge.

AFFIRMED.

*Earl M. Pirkey* for appellants.

(1)  Husband and wife cannot in Missouri be tenants in common, and a deed to them even if it names them as tenants in common is construed to mean a tenancy by the entirety.  Russell v. Russell, 122 Mo. 237; Wilson v. Frost, 186 Mo. 320; Brewing Co. v. Saxy, 273 Mo. 159; Silvers on Missouri Titles (2 Ed.) p. 44, line 9; Parish v. Parish, 151 Ark. 167.  (2)  Oral evidence is admissible for the purpose of reforming a deed to the extent of making it more clear.  Williamson v. Brown, 195 Mo. 333; Corrigan v. Tiernay, 100 Mo. 276; Leitensdorfer v. Delphy, 15 Mo. 106.

*Louis J. Grossman* and *John P. Griffin* for respondents.

(1)  A husband and wife may be tenants in common, if the proper language is used in creating such a tenancy, and the deed in this case specifically mentioned them as "tenants in common."  Wilhite v. Wilhite, 284 Mo. 387; Ashbaugh v. Ashbaugh, 273 Mo. 353; Wilson v. Frost, 186 Mo. 311; Washburn on Real Property, sec. 914; Gill on Real Property, sec. 567; Tiedeman on Real Property, sec. 183.  While the estate by entirety is still in existence in this State the unity of husband and wife has been abolished by the "Married Woman's Act," and even though it is assumed that a husband and wife could not, under the common law, hold an estate in common, the reason for this holding has been abolished.  Harvey v. Long, 260 Mo. 374; Brewing Co. v. Saxy, 273 Mo. 159.  (2)  The evidence offered as to the discussions as to the ownership of the property was hearsay, and occurred more than thirteen years after the deed was made, and there was no

offer to show a mutual mistake. Even though all the testimony in the offer of proof were admitted it would be insufficient to reform the deed. Fanning v. Doan, 139 Mo. 392; Wilhite v. Wilhite, 284 Mo. 387; Wall v. Mays, 210 S. W. 871; Inv. Co. v. Ozenberger, 112 S. W. 22.

SEDDON, C.—This action was originally one in partition, brought by plaintiffs, who are collateral heirs of Sophie Schachner, who died intestate, on November 3, 1921. The administrator of her estate joins as a party plaintiff in the bringing of the suit. Two of the defendants, Ricka Peters and Louis Peters, are also collateral heirs of Sophie Schachner and, being non-residents of the State of Missouri, service was had on them by publication. The defendants, and appellants, Elizabeth M. Schachner, Marie M. Schachner, Louise B. Rosemeier, and John Henry Schachner are devisees of the real property involved, under and by virtue of the last will and testament of John P. Schachner, deceased, husband of said Sophie Schachner, who died testate on December 3, 1921, exactly one month after the death of his wife. His last will and testament was subscribed by him and properly attested on November 25, 1921, a few days before his death, and was duly probated in the Probate Court of the City of St. Louis. The remaining defendant and appellant, Edward H. Rosemeier, is the duly appointed and qualified executor of the estate of said John P. Schachner.

The petition is in the usual form, alleging that John P. Schachner and Sophie Schachner were husband and wife and that no children were born of said marriage; that they were seized in fee simple as tenants in common of the described real property, located in the city of St. Louis; that Sophie Schachner died intestate on November 3, 1921, and that John P. Schachner died testate on December 3, 1921; that the estates of the respective deceased persons are in process of administration and that the personal and other properties of the respective estates are not sufficient to pay the costs of administration and the claims which have been, or may be, filed against said

estates. The petition alleges the undivided interests of the respective parties, plaintiffs and defendants, in and to the real estate described, which consists of a three-story brick building, divided into six flats or apartments in the city of St. Louis, and that it is of such character that it cannot be partitioned in kind without great prejudice to the parties in interest and prays that the interests of the respective parties may be adjudged and determined and that the property be ordered sold and the proceeds divided among the parties according to their respective interests after the estates of John P. Schachner and Sophie Schachner have been finally settled and all claims against said estates have been fully discharged.

The defendants, Ricka Peters and Louis Peters, filed no answer. The remaining defendants filed answer, admitting the respective dates of death of said Sophie and John P. Schachner, that no children were born of their marriage, and that defendants are devisees under the last will and testament of John P. Schachner, but denying all other allegations. The answer further alleges "that during her lifetime said Sophie Schachner and John P. Schachner were tenants by the entirety of the property described in the petition and on her death said John P. Schachner became the sole owner thereof and at the time of his death he was the sole owner, and by his last will and testament these (answering) defendants were devised said property and they are the sole owners thereof; . . . that during her lifetime said Sophie Schachner and said John P. Schachner bought at partition sale the property involved in this suit and no other transfer has since been made, and prior to said purchase it was agreed between them that they would buy it as tenants by the entirety, but the deed made out by the sheriff, while it makes them tenants by the entirety, is not clear in its language as it should be and uses the words 'tenants in common,' which tend to mislead and cloud the title and said words were inserted in said deed by the mistake of the sheriff and said Sophie Schachner and John P. Schachner, owing to the fact that they were uneducated and unlearned, sup-

posed that said deed was regular and clear in form as a deed making them tenants by the entirety. Wherefore, defendants ask that plaintiffs' petition be dismissed and that the court will reform said deed by striking out the words therein 'in common' and substituting therefor the words 'by the entirety.' ''

The reply denies generally the new matter of the answer.

Plaintiffs at the trial introduced proof of the relationship of the parties respectively to said Sophie Schachner and John P. Schachner, and their respective interests in the property, together with the sheriff's deed, dated November 11, 1898, duly executed and acknowledged by Henry Troll, Sheriff of the city of St. Louis, and recorded on November 21, 1898, in the office of the Recorder of Deeds of said city, under which deed said John P. Schachner and Sophie Schachner acquired title to said land. The deed is in the usual form, reciting an order of sale in certain partition proceedings pending in the Circuit Court of the city of St. Louis, whereby said sheriff, in obedience to said order, caused the real estate to be advertised for sale according to law and to be sold at public sale to the highest bidder on November 2, 1898, ''at which said time and place John Schachner and Sophie Schachner, his wife, became and were the highest bidders for said real estate at the price and sum of $3,130 and the said real estate described was then and there stricken off and sold to the said John Schachner and Sophie Schachner, his wife, for said sum of $3,130''; that said sheriff made report of said sale to the Circuit Court of the city of St. Louis on November 4, 1898, which report was approved and confirmed by said court on November 11, 1898, and an order was thereupon made by said court ordering and directing the said sheriff to make and execute to the purchasers a good and sufficient deed for the said real estate. The operative or granting clause of the deed is as follows: ''Now, therefore, knew ye, that I, Henry Troll, sheriff as aforesaid, in consideration of the premises and of the said sum of $3,130 to me in hand paid

(according to the terms in said order mentioned) by the said John Schachner and Sophie Schachner, his wife, the receipt whereof I do hereby acknowledge, and by virtue of the power and authority in me vested by law, I do hereby bargain, sell, transfer and convey to the said John Schachner and Sophie Schachner, his wife, *as tenants in common,* and to their heirs and assigns forever all the right, title, interest, claim, estate and property of them, the said parties to the suit hereinbefore named, of, in and to the said real estate, hereinbefore described, together with all the rights, privileges and appurtenances thereunto belonging, or in any way appertaining.'' (Italics ours). The deed contains no *habendum* clause.

Thereupon, the last will and testament of John Peter Schachner, together with the probate court records, showing due proof and probating of said will, were introduced in evidence. Defendant Louise B. Rosemeier, testified for plaintiffs that she is the daughter of defendant Elizabeth M. Schachner, and that the defendants Marie M. Schachner and John Schachner are the sister and brother of witness; that her father was a cousin of said John P. Schachner, and that witness, her mother, brother and sister are the four devisees of the land in question named in the will of said John P. Schachner, deceased. On cross-examination of the witness by appellants' counsel, the following occurred:

"Q.  Did you after the year 1911, between that time and the time Mr. Schachner died, ever hear him and Sophie Schachner, his wife, discuss the ownership of this property?

"Mr. Grimm: Object to the reference to the ownership because the record is the best evidence.

"Mr. Pirkey: There is a claim here that there was an error in the deed.

"The Court: The deed speaks for itself.

"Mr. Pirkey: This is a direct attack on the deed and the deed is not conclusive under those circumstances. There is a direct claim here that the deed was not made out as they thought it was made out.

"MR. GRIFFIN: This deed was made out as the result of partition and both parties were represented by attorneys.

"MR. PIRKEY: I think your Honor can take this subject to objection.

"MR. GRIFFIN: I wish to except.

"THE COURT: As long as you object to it, I will have to rule on it at this time.

"MR. PIRKEY: I offer to show by this witness that up to the time of his death Mr. Schachner and Sophie Schachner occassionally talked about their property and what would become of it and they had both stated that this deed to this property was made out in both names and whichever one died the survivor would get it all, and that they had been told by the sheriff who made out the deed and they had directed him to make it out so that which ever one died first the other one would get all the property. And those statements were made at different times and occasions from the time of the execution of this deed introduced in evidence, being Plaintiff's Exhibit No. 1, until the time of their death. At various times when they discussed their affairs.

"MR. PIRKEY: Will your Honor rule on the offer of proof?

"THE COURT: Yes, I will overrule it.

"MR. PIRKEY: I understand that all of the evidence will be ruled out. I had a number of other witnesses on that and I understand it will be unnecessary to offer them under your Honor's rules.

"THE COURT: It will not be necessary.

"MR. PIRKEY: No evidence along that line will be received.

"THE COURT: No.

"To which action and rulings of the court the defendants, except Louis and Ricka Peters, by their counsel then and there duly excepted and still continue to except."

The trial court thereupon entered an interlocutory judgment in partition, finding that John P. Schachner and Sophie Schachner were, on November 3, 1921, the date

of death of said Sophie Schachner, seized in fee simple as tenants in common of said real property and that each was then and there the owner of an undivided one-half interest therein and that the undivided one-half interest of said Sophie Schachner descended upon her death to her heirs at law, and that the undivided one-half interest of said John P. Schachner passed upon his death to the four devisees named in his last will and testament; defining the respective undivided interests of the parties, plaintiffs and defendants, in and to the property, and finding that partition of said property in kind cannot be had without great prejudice to the parties in interest, wherefore a sale of the property is ordered to be made by a special commissioner named and appointed by the court, with directions to report the sale to the court for its confirmation or rejection, and that jurisdiction be retained by the court to make any other or further orders deemed necessary. The answering defendants in due time filed their respective motions for a new trial and in arrest of judgment, upon the overruling of which by the trial court, they were duly allowed an appeal to this court.

I.   There are but two assignments of error made here by appellants.   It is first claimed that the court *nisi* erred in ruling that the sheriff's deed to John P. Schachner and Sophie Schachner, his wife, created a tenancy in common of the lands conveyed; that husband and wife, under the common law in force in Missouri, cannot hold title to real estate in this State as tenants in common, even though the deed or instrument of conveyance itself, by its operative clauses, describes them as such; and, therefore, that such deed or instrument of conveyance must be construed to be one making them, as grantees therein named, tenants by the entirety.

In support of this contention, appellants rely chiefly on an opinion written by SHERWOOD, J., in Russell v. Russell, 122 Mo. 235, wherein the learned writer of that opinion, in discussing the peculiar nature of tenancy by the entirety, remarked: "The peculiarities of this sort of

tenancy are derived from the fact that in legal contemplation, husband and wife are a *unit of personality;* there can be no moieties between them; they are each seized of the entirety, *per tout,* not *per my,* and the husband cannot forfeit or alien the estate, except during the period of his life, and owing to this legal unity of husband and wife, it is said to be impossible, even by express words, to convey land to them so as to make them tenants in common with each other.'' A careful reading of that decision, however, leads us to the conclusion that the statement just quoted is, at most, nothing more than *dictum.* The question there presented was whether a wife, divorced from her husband, can have partition of land owned by them prior to such divorce as tenants by the entirety. Whether, by express words of a deed of conveyance, land may be conveyed to husband and wife as tenants in common was neither directly nor indirectly involved in ruling the question there presented and decided by this court.

The latter subject was again touched upon in Wilson v. Frost, 186 Mo. 311, where it was likewise deemed unnecessary in ruling upon the precise question there at issue, and VALLIANT, J., speaking for this court in delivering that opinion, remarked: ''On the part of the plaintiff it is contended that at common law husband and wife could not become joint tenants or tenants in common, and that a deed undertaking to create such an estate in them would be construed in spite of its words to create an estate of the entirety. The authorities cited on both sides of this proposition show that it is a subject on which all the courts in this country are not agreed. Whilst the precise proposition has not been declared in this State, yet there is language in some of our decisions that seems to support the plaintiff's contention. [Citing authorities.] On the other hand, as will be seen by reference to the cases cited in the brief of appellants, there are courts which hold that a husband and wife may take an estate of tenancy in common under the same deed, when the intention to create such an estate is clearly shown in the deed.

. . . Even if it be conceded that at the time this Deering deed was executed it could lawfully have conveyed the property to Cook and wife as tenants in common if it had used clear and unequivocal language to that effect, such concession would not end the case in defendants' favor," and it was thereupon ruled that the deed there under review did not contain such clear and unequivocal language as would indicate that the grantees intended to take other than as tenants by the entirety.

Our attention is directed to a statute of this State (Sec. 2273, R. S. 1919) as bearing upon the proposition here under review. That statute provides: "Every interest in real estate granted or devised to two or more persons, *other than* executors and trustees and *husband and wife,* shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy." It is urged that the quoted statute is but declaratory of the common law that husband and wife can take and hold title only as tenants by the entirety. But, does the statute by implication or otherwise so declare? It seems apparent that the statute undertakes to deal only with tenances in common and joint tenancies. There are certain distinctive and peculiar characteristics applicable to the estate by the entirety. For a thoughtful and elaborate discussion of the peculiar and distinguishing characteristics applicable to each of said entirely different estates we may but refer to the cases of Stifel's Union Brewing Co. v. Saxy, 273 Mo. 159, and Ashbaugh v. Ashbaugh, 273 Mo. 353. The object or purpose of the statute just referred to was discussed in Wilson v. Frost, supra, wherein it was said: "The object of that statute was to give the instrument carrying the title such a construction as would make the estate conveyed a tenancy in common in preference to a joint tenancy unless the intention to create a joint tenancy was too clearly expressed to admit of construction to the contrary. It purports to deal only with tenancies in common and joint tenancies, and makes no distinct reference to estates of entirety. An estate of entirety has its own essential characteristics which dis-

tinguish it as well from a joint tenancy as from a tenancy in common. In an estate of entirety, the surviving husband or wife, as the case may be, becomes the sole owner of the property on the death of the other, but not by survivorship, as in case of a joint tenancy. In an estate of the entirety, the husband and the wife during their joint lives each owns, not a part, or a seperate or a separable interest, but the whole and, therefore, the death of one leaves the other still holding the whole title as before, with no one to share it.  .  .  .   Since, as we have seen, the statute above quoted refers only to joint tenancies and tenancies in common it is not very clear what effect is to be given to the words 'or to (and) husband and wife' in the connection there used. Under that statute, if a deed is made conveying an estate to two or more persons it is to be construed to create a tenancy in common, unless it expressly says it is intended to create a joint tenancy. That is easily understood in reference to the deed conveying an estate to two or more persons, but suppose it conveys an estate to a husband and wife and does not expressly say it is intended to create a joint tenancy, what estate does it convey? It must be an estate in entirety. It would seem therefore that the words 'and husband and wife' were inaptly used in that statute.''

It occurs to us that the statute referred to, expressly dealing as it does with the subjects of tenancy in common and joint tenancy, as distinguished from the estate by the entirety, is not controlling upon the precise question here involved, namely, whether a conveyance to husband and wife which, by the express words of its operative or granting clause, clearly and unequivocally indicates an intention of the parties to create a tenancy in common of the lands conveyed, must be construed contrary to that expressed intention.

Respondents contend that, if there ever was any reason for holding that an estate or tenancy in common could not by express words be conveyed to husband and wife, that reason has passed out of existence long ago, because the Married Woman's Act of 1889 gave the wife the right

and power to contract and be contracted with, not only as respecting third persons, but as to the husband himself, as though she were a *femme sole*. Such would seem to be the force and effect of that statute. [Sec. 7323, R. S. 1919.] Commenting upon the effect of that statute, it is said in Harvey v. Long, 260 Mo. l. c. 391: "This transaction was held only a few years after the passage of the Married Woman's Act of 1889, which struck from our legal system the ancient fiction of the common law that husband and wife were one, and could not therefore be separated into the two parties necessary to a contract, and places them on an equality in that respect and gives to the wife all the rights with reference to the separate ownership of lands that she had theretofore enjoyed with reference to the ownership of personal property. This court has uniformly held that under its provisions she can contract freely with her husband with respect to all kinds of property, including lands, and that they could enforce such contracts against each other at law as well as in equity"—citing authorities.

Appellants invoke Stifel's Union Brewing Co. v. Saxy, 273 Mo. 159, as authority for their claim that the Married Woman's Act did not destroy the unity of husband and wife, and, hence, did not change the existing law in this State as respecting estates by the entirety. As we read that case, the sole question there decided was whether, as a result of the Married Woman's Act, the husband, during the joint lives of himself and wife, has such an estate or interest in lands *held by them as tenants by the entirety* as can be sold under execution for the sole debt of the husband. No other question appears to have been there ruled and what was there said in ruling the single point involved must necessarily be limited to the point under review and there decided.

In the later case of Wilhite v. Wilhite, 284 Mo. 387, in passing upon a conveyance to husband and wife, Division Two of this court had occasion to say: "There is no doubt but that the use of the words 'share and share alike' if inserted in the operative parts of the deed, in the granting

clause or in the *habendum*, would have created a tenancy in common. The words are inconsistent, when properly used, with the existence of a joint tenancy or a tenancy by the entirety. [2 Jarman on Wills, p. 1791; Freeman on Co-Tenancy, secs. 23 and 25; Kellogg v. Burnett, 74 N. J. Eq. l. c. 308; Jenne v. Jenne, 271 Ill. 534; Adams v. Woolman, 50 N. J. Eq. l. c. 521; Shattuck v. Wall, 174 Mass. l. c. 169.]'' But, because the words ''share and share alike'' were contained in the premises, and not in the operative clause of the deed, it was there held that those words did not create a tenancy in common.

Likewise, in effect, was the ruling of the same division of this court in Ashbaugh v. Ashbaugh, 273 Mo. 353, where it was held that the words ''each an undivided one-half interest,'' immediately following the names of the husband and wife in the premises of a deed, were ineffective to prevent the vesting of an estate by entirety because not contained in the operative clauses of the deed. It may be observed that ROY, C., the learned writer of the opinion in Stifel's Union Brewing Co. case, supra, concurred in the opinion of WHITE, C., in the case last cited. The Wilhite and Ashbaugh cases, supra, inferentially, at least, appear to recognize the rule that, if the deed of conveyance to husband and wife, by its operative clauses, clearly shows the intention of the parties to create an estate or tenancy in common in lieu of an estate by entirety, effect must be given to the expressed intention of the parties.

Nor do we find Welch v. Finley, 281 Mo. 684 (opinion by RAGLAND, C., adopted by this court, in Banc), cited by appellants, to be incompatible with this rule. It was there held that the intention of the parties, as gathered from the entire deed, together with the surrounding circumstances, was to convey the lands to husband and wife as tenants by the entirety.

Counsel for respective parties have cited no decision of this court ruling upon the precise question now under review, and diligent search on our own part has disclosed no decision of this court ruling the precise question. It

is said, however, in 13 R. C. L. p. 1113, sec. 133: "There is, however, no legal incapacity on the part of husband and wife to hold as tenants in common or joint tenants, as is shown in the instance where a man and woman so holding subsequently marry, the marriage not changing their tenancy into one by the entirety; and there is well-considered authority for the position, which seems the better view, that if land is conveyed to husband and wife with the express limitation to hold as tenants in common, they will be so regarded." The text-writer cites ample authority from other jurisdictions in support of his statement of the rule.

In Hunt v. Blackburn, 128 U. S. 464, the Supreme Court of the United States, speaking through Mr. Chief Justice FULLER, said: "Undoubtedly, at common law, husband and wife did not take, under a conveyance of land to them jointly, as tenants in common or as joint tenants, but each became seized of the entirety, *per tout, et non per my;* the consequence of which was that neither could dispose of any part without the assent of the other, but the whole remained to the survivor under the original grant. . . . But it was also true at common law, that, as 'in point of fact, and agreeable to natural reason, free from artificial deductions, the husband and wife are distinct and individual persons, when lands are granted to them as tenants in common, thereby treating them without any respect to their social union, they will hold by moieties, as other distinct and individual persons would do.' [1 Preston on Estates, p. 132; 1 Washburn, Real Prop. (4 Ed.) p. 674; McDermott v. French, 15 N. J. Eq. 80.]"

It is true in this State, as at common law, that where real property is conveyed to husband and wife and there are no limiting words in the operative clauses of the deed, they take an estate by the entirety. But we think the rule, adopted in most jurisdictions, to the effect that, where the operative clauses of the deed, i. e., either the granting clause or the *habendum* or both, clearly express the intention of the parties that husband and wife are to take and hold title as tenants in common, the grantees then

take the estate expressed and provided in the deed rather than as tenants by the entirety, is none the less applicable and controlling in our own State. It therefore follows from what we have here said that, inasmuch as the sheriff's deed to John Schachner and Sophie Schachner, his wife, clearly and unequivocally recites in its granting clause that they are to take and hold title to the land conveyed as tenants in common, appellants' first assignment of error must be denied.

II.　It is urged that the trial court erred in excluding the evidence offered by appellants respecting statements or declarations made by John P. Schachner and Sophie Schachner, his wife, during their lives, indicating their ideas of the force and effect of the sheriff's deed. The appellants' offer of proof was made in support of the allegations of their answer that there was a mistake in the sheriff's deed because of the insertion in the granting clause of the words "as tenants in common," and, because of which alleged mistake, appellants ask reformation of the deed.

The law is well established in this State that, while the power of a court of equity to reform an instrument, which, by reason of mutual mistake, fails to execute the intention of the parties, is unquestionable, nevertheless reformation of the instrument will be denied unless the proof of mutual mistake is clear, cogent and altogether convincing.　[Wilhite v. Wilhite, 284 Mo. l. c. 394; Wall v. Mays, 210 S. W. l. c. 872.] As said by WAGNER, J., in Worley v. Dryden, 57 Mo. 226, quoted with approval in Fanning v. Doan, 139 Mo. l. c. 410: "This court has gone as far as any in holding that before a deed can be contradicted and the title to land affected, there should not only be clear and unequivocal evidence, but there should be no room for reasonable doubt as to the facts relied upon."

In Sweet v. Owens, 109 Mo. 1, we said: "The authorities all require that the parol evidence of the mistake must be 'most clear and convincing.' Courts of equity do not grant the high remedy of reformation upon a prob-

ability, nor even upon a mere preponderance of evidence, but only a certainty of the error.''

An examination of the offer of proof tendered by appellants discloses that it is to the effect that ''Mr. Schachner and Sophie Schachner occasionally talked about their property and what would become of it and they had both stated that this deed to this property was made out in both names and, whichever one died, the survivor would get it all, and that they had been told by the sheriff who made out the deed, and they had directed him to make it out so that, whichever one died first, the other one would get all the property.'' The evidence offered by appellants and refused by the court *nisi* appears to be mere hearsay. It consists of declarations said to have been made by Mr. and Mrs. Schachner, both of whom are now dead and their own lips forever sealed. Even if admitted, or considered by us as having been admitted, the evidence offered falls far short of being the clear, cogent and altogether convincing proof necessary to show mutual mistake of the parties so as to entitle appellants to reformation of the sheriff's deed. The times, occasions and circumstances under which the said declarations were said to have been made are not set out in the offer of proof. Somewhat similar evidence was offered in Fanning v. Doan, 139 Mo. 392, wherein we said: ''As to the character of the evidence. It consists solely of the recollections of three witnesses, of declarations of John and Benajah Doan, both dead, said to have been made by them eighteen or nineteen years before being testified to. As was said by BLISS, J., in Johnson v. Quarles, 46 Mo. 427 : 'Evidence of such declarations, it is true, is admissible, but it never amounts to direct proof of the facts claimed to have been admitted by those declarations; and it is sometimes doubted whether it ought to be received at all when introduced for the purpose of divesting title created by deed.' 'This kind of evidence has always been received with great care, and when not supported by other evidence is generally entitled to but little weight.' Cornet v. Bertelsman, 61 Mo. 127; in which case as in Ringo v.

Richardson, 53 Mo. 385, the doctrine laid down in 1 Green-leaf, section 200, and note, in regard to this class of evidence, is approved. . . . The intrinsic weakness of this class of evidence is further enhanced in any given case by the length of time that has intervened since the declarations were made, and the ease with which it can be manufactured, and the temptation to do so, when all those by whom it could be contradicted are in their graves, and when, as in this case, the defendant's plea is supported by this class of evidence only, it should be examined with great care.''

We find no reversible error in the refusal of the evidence offered, it appearing from the offer made that had the evidence been admitted it is not of sufficient strength or import to warrant the trial chancellor in granting reformation of the deed. Upon the whole record before us, the interlocutory judgment *nisi* is right and that judgment is affirmed and the cause remanded in order that the interlocutory judgment may be carried out and final judgment entered therein. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by SEDDON, C., in Division One, is adopted as the opinion of Court in Banc. All of the judges concur.