STATE of Missouri ex rel. Jim L. COX, Appellant,

v.

Honorable W. Harry WILSON, Judge of the Municipal Court of the City of St. Joseph, Missouri, Respondent.

No. 53828.

Supreme Court of Missouri, Division No. 2.

Dec. 9, 1968.

Motion for Rehearing or to Transfer to Court En Banc Denied Jan. 13, 1969.

Kranitz & Kranitz, St. Joseph, for appellant.

Paul F. O'Konski and James F. Pendergast, St. Joseph, for respondent.

BARRETT, C.

This is an appeal from a judgment in prohibition. The order denying prohibition was entered on motion for judgment on the pleadings together with certain exhibits and stipulations. As gleaned from the meager record these are the circumstances in which the appellant Jim L. Cox invokes the due process and equal protection clauses of the state constitution and the provision of the bill of rights that "the right of trial by jury as heretofore enjoyed shall remain inviolate." Const.Mo. Art. I, §§ 2, 10 and 22(a), V.A.M.S.; § 510.190 RSMo 1959, V.A.M.S. Alleging that on December 21, 1967, he was charged in the Municipal Court of St. Joseph with the misdemeanor, according to the city ordinances, of "driving while under the influence of intoxicating beverage" he entered a plea of not guilty and demanded a trial by jury. Even though the city ordinance governing jury trials provided that the municipal judge should "issue an order to the Marshal of the Court, commanding him to select and summon a panel of qualified jurors * * *. The jury panel shall consist of twelve bonafide disinterested citizens of the city, of whom each party may challenge three peremptorily, *so that the jury for trial shall consist of six members*" (Ordinance of City of St. Joseph), the defendant Cox demanded that a jury of twelve persons be

selected and empanelled as in the jury trial of misdemeanors in magistrate court. § 543.210 RSMo 1959, V.A.M.S. When that request was denied Cox instituted this proceeding in prohibition in the Circuit Court of Buchanan County.

The appellant insists that under the constitutional provision (Art. I, § 22(a)) he is entitled to a jury of twelve persons. He points to the rules governing the trial of traffic cases, including municipal courts (Rules 37.50, 37.51, 37.53 and 37.54, V.A. M.R.), and to the statutes relating to trials in magistrate courts (§§ 543.210; 495.040 and 495.050 RSMo 1959, V.A.M.S.) and urges that these rules and provisions implement the constitutional provision and safeguard to him a jury of twelve and render unconstitutional the city ordinance providing for a jury of six persons. It is not necessary to examine the argument in detail, it is sufficient to note that in general the appellant attempts to deal with the problem of what offenses demand the right of a trial, as it existed at common law, by twelve jurors. 31 Am.Jur. (Jury) §§ 121, 107. And in this connection it may be noted that heretofore the general rule did not refer to minor, petty offenses or the violations of municipal ordinances, at least where the act was not also a violation of state criminal laws. Annotation 75 L.Ed. 177, 183, 192; King City v. Duncan, 238 Mo. 513, 142 S.W. 246; City of St. Louis v. Von Hoffman, 312 Mo. 600, 280 S.W. 421; In re Moynihan, 332 Mo. 1022, 62 S.W.2d 410, 91 A.L.R. 74. The ordinance under which the appellant was charged was not made a part of the record and it is not known just how it differs from the state statutes and the offense of operating "a motor vehicle while in an intoxicated condition." § 564.440 RSMo 1959, V.A.M.S. Since the question the appellant attempts to present is not in fact the determinative problem of this appeal it may be noted that with the increasing complexities of motor vehicle traffic the essential question has likewise become more complex. The latest thought on the subject is indicated in the recent annotation "Right To Trial By Jury In Criminal Prosecution For Driving While Intoxicated Or Similar Offense." 16 A.L.R.3d 1373.

As indicated this appeal does not in point of fact involve the basic, fundamental question of the right to a jury trial at all or even as at common law for certain offenses. City of Marshall v. Standard, 24 Mo.App. 192. And this record is not concerned with the requirement of a deposit for costs and the waiver of a jury trial as in Meadowbrook Country Club v. Davis, Mo., 421 S.W.2d 769. In his petition for prohibition and here the appellant complains of the ordinance provisions that the judge "shall issue an order to the Marshal of the Court, commanding him to select and summon a panel of qualified jurors," that "the panel shall consist of twelve bona-fide disinterested citizens." These complaints are directed to "the method of selecting persons to serve as jurors" and to the "mode of selection" and these have never been "regarded as an essential element in the constitutional right of trial by jury." 31 Am.Jur. §§ 75, 77, pp. 71, 73. In these particular and delimited circumstances, assuming that prohibition is an appropriate remedy (§ 530.010 RSMo 1959, V.A.M.S.; Annotation 41 A.L.R.2d 781; Delaney v. Police Court of Kansas City, 167 Mo. 667, l. c. 679, 67 S.W. 589, l. c. 592; State ex rel. Meador v. Williams, 117 Mo.App. 564, 92 S.W. 151; State ex rel. St. Louis, K. & N. Ry. Co. v. Withrow, 133 Mo. 500, 34 S.W. 245, 36 S.W. 43), there is no manifest and obvious infringement of constitutional rights and therefore the judgment is affirmed.

STOCKARD, C., concurs in result.

PRITCHARD, C., concurs.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

FINCH, P. J., concurs in separate concurring opinion filed.

DONNELLY and EAGER, JJ., concur and concur in separate concurring opinion of FINCH, P. J.

HOLMAN, J., concurs in result and concurs in separate concurring opinion of FINCH, P. J.

FINCH, Presiding Judge.

I concur in the conclusion reached in the principal opinion that constitutional rights of relator would not be infringed upon if the traffic case against him in the Municipal Court of St. Joseph is tried before a jury of six persons pursuant to the provisions of the charter and ordinances of that city. I agree that the judgment should be affirmed. However, it seems to me that relator raises the further question, not decided by the principal opinion, that the St. Joseph jury provisions violate our Supreme Court rules, and I file this separate concurring opinion in order to express my views with respect to that question.

■ Supreme Court Rule 37, V.A.M.R., applies to traffic cases in municipal courts such as the case filed against relator in the Municipal Court of St. Joseph. Rule 37.53 (b) provides that in traffic cases in municipal courts in which a jury has been requested, "a jury shall be selected in the manner provided for the selection of juries in misdemeanor cases tried in magistrate courts, except as otherwise provided by law". Our inquiry, then, is whether another method is in fact provided by law. If not, then the jury should be selected in the manner provided by statute for misdemeanor cases in the magistrate courts.

A different method of selecting the jury in the Municipal Court of St. Joseph is prescribed by the charter and ordinances of that city. These provisions qualify as a method "otherwise provided by law"

because Rule 37.05 provides that when the term "law" is used in these rules relating to traffic cases, the term "includes the constitutions, statutes, ordinances, judicial decisions and these Rules". Consequently, I would hold that under the provisions of Rule 37.53(b), the jury in the case against relator should be selected in accordance with the provisions of the charter and ordinances of the City of St. Joseph.