STATE of Missouri ex rel. Bernice W.
COLE, Relator,

v.

Hon. Salvatore S. NIGRO, Judge of Division
No. I, Municipal Court of Kansas
City, Missouri, Respondent.

No. 55617.

Supreme Court of Missouri,
En Banc.

Jan. 11, 1971.

Rehearing Denied Feb. 8, 1971.

Appeal Dismissed Oct. 12, 1971.
See 92 S.Ct. 122.

James L. Muller, Gerald R. Walsh, the Legal Aid and Defender Society of Greater Kansas City, Inc., Kansas City, for relator.

Aaron A. Wilson, Jr., City Counselor, Charles A. Lewis, Associate City Counselor, Kansas City, for respondent.

HOLMAN, Judge.

■ This is an original proceeding in mandamus. The question presented is the right of relator to have a trial by jury on a charge pending before respondent in the Municipal Court of Kansas City, Missouri. Relator, on December 16, 1969, was charged with the misdemeanor of obstructing a police officer in violation of a city ordinance. At that time the penalty for violation of that ordinance was a fine of not more than $500 or imprisonment for a term not exceeding twelve months, or both. However, thereafter, a new penalty ordinance was adopted, effective July 27, 1970, which is before us by stipulation. That ordinance provides a penalty of imprisonment for not more than six months or a fine of not more than $500, or both. Since the new ordinance reduced the penalty we hold that it will be applicable to relator's case when it is tried even though enacted after the date of the alleged offense. State ex rel. Jones v. Mallinckrodt Chemical Works, 249 Mo. 702, 156 S.W. 967 [9]. See also § 1.160(2).[1]

On December 29, 1969, relator appeared before respondent and made a written demand for trial by jury which respondent denied. Relator thereafter filed her petition in this court and our alternative writ of mandamus was issued on May 11, 1970. Section 22.1, Chapter 22, of the General Ordinances of Kansas City provides that "in all prosecutions for violation of any offenses under the Charter and ordinances, or either, trial in the municipal court shall be by the court and not by the jury." In denying relator's request for a jury trial respondent merely complied with the ordinance.

Relator contends, in effect, that the quoted ordinance is unconstitutional and that she is entitled to a jury trial because the offense charged was indictable at common law and is a serious offense within the jury trial guarantee of the Sixth Amendment and the due process clause of the Fourteenth Amendment of the U.S. Constitution, as well as the guarantee of Art. I, § 22(a) of the Missouri Constitution. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * *," and Art. I, § 22(a) states that "[t]he right of trial by jury as heretofore enjoyed shall remain inviolate * * *." It has been, however, a universally recognized rule that the constitutional guarantees apply only to serious crimes and that petty crimes are an exception. The great difficulty the courts have encountered has been where to draw the line between "serious" and "petty." There has also been some question as to whether a proceeding in a municipal court is a criminal prosecution. This court has said that "[i]t invokes some of the ideas, terminology, and machinery of the criminal law, but it is also a civil proceeding from other viewpoints. The best the law has been able to do is to call it civil or quasi criminal in character." City of St. Louis v. Ameln, 235 Mo. 669, 139 S.W. 429, 431.

The briefs contain a considerable number of cases from the federal courts but we have concluded that we need discuss only two. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, is a landmark case since it held that "[b]ecause we believe that trial by jury in criminal cases is fundamental to the American scheme of justice, we hold that the Fourteenth Amendment guarantees a right of jury trial in all criminal cases which—were they to be tried in a federal court—would come within the Sixth Amendment's guarantee." 391 U.S. l. c. 149, 88 S.Ct. l. c. 1447. In that case the defendant was charged with a misdemeanor which carried a maximum

---

1. All statutory references are to RSMo 1969, V.A.M.S.

punishment of two years' imprisonment and he was denied a jury trial under provisions of Louisiana law. While the court indicated that an offense providing for no more than six months' imprisonment would be considered petty it limited its actual decision to the offense before it and held that possible imprisonment for two years made it a serious offense and defendant was entitled to a jury trial.

Duncan was followed by Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437, in which the appellant had been denied a jury trial in the New York City Criminal Court under a law which provided that all trials in that court shall be without a jury. Appellant had been convicted of a misdemeanor and sentenced to the maximum term of imprisonment for one year. In its decision the court said: "The question in this case is whether the possibility of a one-year sentence is enough in itself to require the opportunity for a jury trial. We hold that it is. More specifically, we have concluded that no offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized." 90 S.Ct. 1. c. 1888, 26 L.Ed.2d 1. c. 440. It was then pointed out (90 S.Ct. 1. c. 1890, 1. c. 443) that while the prospect of imprisonment for any period would seldom be regarded as petty by the accused, "these disadvantages, onerous though they may be, may be outweighed by the benefits which result from speedy and inexpensive nonjury adjudications."

In our consideration of the contentions here involved we have endeavored to find all of the cases in the Missouri appellate courts dealing with this question and will briefly review them. City of Marshall v. Standard, 24 Mo.App. 192, was an appeal from a conviction for obstructing a police officer (the offense involved in the case at bar) in which defendant was tried before the Mayor under a statute which provided that such charges be determined without the intervention of a jury. It was held that the constitutional provisions did not require that strictly municipal offenses be tried by jury and hence the legislature could provide for a summary trial. Also, in Ex Parte Kiburg, 10 Mo.App. 442, 447, it was held that a person charged in police court with sale of lottery tickets was not entitled to a jury trial, the court saying: "It is too late, at the present day [1881], to contend for the right of trial by jury in cases of petty offenses cognizable by local courts, in the exercise of police jurisdiction. The subject has, long since, been judicially exhausted. No authority recognizes the claim, as here presented."

The case of Delaney v. Police Court of Kansas City, 167 Mo. 667, 67 S.W. 589, is squarely in point. It involved the contention of a defendant, charged with peace disturbance in the police court of Kansas City, that he was entitled to a jury trial. The ordinance then (as now) provided that jury trials not be permitted and that charges be determined by the police judge. In holding against the accused the court said that such prosecutions "have been treated by this court as civil in nature, although somewhat criminal in respect to some of the prescribed procedure. * * * This being true, such prosecutions may be —in fact, to be effective, must be—summary. * * * And where the act charged is a mere violation of a municipal police regulation, and not a matter embraced in the public criminal statutes of the state, a trial by jury is not a constitutional right of the defendant in such a case. * * * Aside from all this, the right of trial by jury for violation of mere municipal police regulations is not, and never was, contemplated by the constitution of this state." 67 S.W. 591, 592. While the precise issue before us was not involved in King City v. Duncan, 238 Mo. 513, 142 S.W. 246, the court in its discussion stated that in prosecutions originating in police courts for violation of municipal ordinances the right of trial by jury never existed.

City of St. Louis v. Von Hoffmann, 312 Mo. 600, 280 S.W. 421, is an appeal from a speeding conviction which originated in the

police court. It did not involve a demand for a jury trial but in deciding the issues presented the court collaterally discussed that question. It was cited by relator no doubt because it contains a quote from Dillon on Municipal Corporations which indicates that offenses in municipal courts which may be classified as crimes at common law or by state statute must, if demanded, be tried by a jury. However, the court concluded its discussion of the matter by saying that "[t]he ordinance of the city of St. Louis prescribing the maximum rates of speed at which motor vehicles under varying conditions may be driven over its streets clearly falls within the category of municipal police regulations. And its character in that respect is in no wise changed by the fact that there is a general statute regulating the speed of such vehicles while moving along the highways of the state. McInerney v. Denver, 17 Colo. 302, 29 P. 516. A violation of the ordinance is therefore such an offense as may be summarily prosecuted, * * *." 280 S.W. 424. The contention of relator as to the effect of the holding in Von Hoffmann is obviously incorrect as that and the other cases cited heretofore are generally accepted as holding that offenses in police courts are not required to be tried before a jury. For example, it will be noted that in In Re Moynihan, 332 Mo. 1022, 62 S.W.2d 410, 413, it is said that "[o]ffenses against municipal ordinances were triable, at common law and before the adoption of our present Constitution, without a jury, and are not required to be tried before a jury now. Delaney v. Police Court of Kansas City, 167 Mo. 667, 67 S.W. 589, 591; City of St. Louis v. Von Hoffmann, 312 Mo. 600, 280 S.W. 421." And in 31 Mo. Law Review, Municipal Court Reform, p. 80, Professor Lauer says that "[t]he defendant in a municipal ordinance prosecution does not have a constitutional right to trial by jury. In Kansas City and perhaps in one or more other constitutional charter cities there is no right to jury trial in the municipal court." [2]

■ What we have heretofore said will indicate that the rule in this state has always been that there is no constitutional right to a trial by jury in municipal ordinance prosecutions. And relator is not entitled to a jury trial by reason of Baldwin since the maximum period of imprisonment she may receive does not exceed six months. Baldwin requires, however, that the Missouri rule be modified to provide that in municipal court prosecutions where the maximum period of imprisonment exceeds six months a jury trial must be provided upon demand. For the reasons indicated we rule relator's first point adversely to her contentions.

Relator's remaining point is that the ordinance which denies her a jury trial is unconstitutional because it denies her "equal protection of the laws and equal rights under the law in violation of the Fourteenth Amendment to the Constitution of the United States, and Art. I, § 2, of the Constitution of Missouri 1945, in that the same arbitrarily and unreasonably denies her a right accorded others charged with commission of the same offense within the same city, but prosecuted therefor in a magistrate court." The Fourteenth Amendment provides that "No state shall * * * deny any person within its jurisdiction the equal protection of the laws." And Art. I, § 2, of the Missouri Constitution provides that "all persons * * * are entitled to equal rights and opportunity under the law."

We agree, as relator contends, that the acts she is charged with having committed would be a violation of § 557.210, as well as the city ordinance, and if she had been charged with the offense by the State in magistrate court she would have been enti-

2. The foregoing authorities holding that there is no *constitutional* right to a trial by jury in municipal courts should not be permitted to confuse the situation re-

lating to cities of the third and fourth class where a *statutory* right to a trial by jury is provided. See §§ 98.380 and 98.550.

tled to a jury trial under the provisions of § 543.200. We also agree, as indicated in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, that a city such as Kansas City is not a sovereign entity but is a subordinate governmental instrumentality of the State. In that situation relator contends that "the ordinance prohibiting a jury trial in the municipal court plainly denies relator the same protection which is enjoyed by other persons charged with the commission in Kansas City of the offense of obstructing or resisting an officer, but prosecuted therefor in a magistrate court."

It is our view that relator's contention is not sound. It is not reasonable to say that the constitutional guarantee of equal protection of the laws requires that identical judicial procedures be provided in all of the various courts in all subdivisions of the state. We think, as a general rule, that the constitution is complied with in that respect if all persons being prosecuted in a certain court are accorded the same rights and protection. Our view is supported by the case of Missouri v. Lewis, 101 U.S. 22, 25 L.Ed. 989, in which the plaintiff complained that certain Missouri laws and constitutional provisions conflicted with the Fourteenth Amendment to the U.S. Constitution because they provided that cases tried in St. Louis City and certain surrounding counties should be appealed to the St. Louis Court of Appeals when similar cases tried in other counties were appealable to the Supreme Court of Missouri. In ruling to the contrary the court stated that "[t]he Fourteenth Amendment does not profess to secure to all persons in the United States the benefit of the same laws and the same remedies. Great diversities in these respects may exist in two states separated only by an imaginary line. On one side of this line there may be a right of trial by jury, and on the other side no such right. Each state prescribes its own modes of judicial proceeding. If di-

versities of laws and judicial proceedings may exist in the several states without violating the equality clause in the Fourteenth Amendment, there is no solid reason why there may not be such diversities in different parts of the same state. * * * Diversities which are allowable in different states are allowable in different parts of the same state. Where part of a state is thickly settled, and another part has but few inhabitants, it may be desirable to have different systems of judicature for the two portions—trial by jury in one, for example, and not in the other. Large cities may require a multiplication of courts and a peculiar arrangement of jurisdictions. It would be an unfortunate restriction of the powers of the state government if it could not, in its discretion, provide for these various exigencies." 101 U.S. 1. c. 31, 32, 25 L.Ed. 989. As indicated, this point is disallowed.

We conclude that our alternative writ should be quashed. It is so ordered.

HENLEY, C. J., and FINCH, MORGAN and BARDGETT, JJ., concur.

DONNELLY, J., dissents in separate dissenting opinion filed.

SEILER, J., dissents and concurs in separate dissenting opinion of DONNELLY, J.

DONNELLY, Judge (dissenting).

The charge against Relator (a) exposes her to a deprivation of her liberty, and (b) involves an offense embraced in the Criminal Code of the State (V.A.M.S. 557.210). In these circumstances, I believe Relator is entitled to a trial by jury under Article I, § 22(a), Const. of Mo. 1945, V.A.M.S.

I dissent.